Cheshire
No. 91-494

## THE STATE OF NEW HAMPSHIRE

v.

## JUSTIN LEAVITT

December 3, 1992

*John P. Arnold*, attorney general (*Paul A. Maggiotto*, assistant attorney general, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

JOHNSON, J.   The defendant, Justin Leavitt, appeals the Superior Court's (*Mangones*, J.) revocation of his probation. On appeal the defendant argues that the twenty-two month delay between his arrest for probation violation and his final revocation hearing violated due process under the State and Federal Constitutions. We affirm.

On November 26, 1989, while on probation for receiving stolen property, Leavitt was arrested for burglarizing an automobile dealership, stealing a car, and driving while under license revocation after being deemed a habitual offender. Four days later, he was arrested for violating the rules of his probation. Due largely to docketing problems and continuances requested by both parties, Leavitt's final revocation hearing was not held until October 4, 1991. The court found that Leavitt violated his probation, and Leavitt appealed, arguing that the twenty-two month delay between his probation violation arrest and his revocation hearing violated his right to due process, as guaranteed by part I, article 15 of the New Hampshire Constitution and the fifth and fourteenth amendments of the Federal Constitution.

Consistent with our holding in *State v. Ball*, 124 N.H. 226, 471 A.2d 347 (1983), we first consider the defendant's claims under part I, article 15 of the State Constitution, using federal case law only as an aid to our analysis. *State v. Gravel*, 135 N.H. 172, 176, 601 A.2d 678, 680 (1991); *see Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983). Due process protects a probationer against unreasonable deprivations of his or her conditional liberty interest, including an unreasonable delay between the probationer's arrest and the revocation hearing. *See Gagnon v. Scarpelli*, 411 U.S. 778, 781–82 (1973) (adopting analysis of *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)); *Stapleford v. Perrin*, 122 N.H. 1083, 1088, 453 A.2d 1304, 1306–07 (1982) (adopting analysis of *Gagnon v. Scarpelli* and *Morrissey v. Brewer*); *cf. State v. Adams*, 133 N.H. 818, 824, 585 A.2d 853, 856 (1991) (unreasonable delay in prosecution violates due process). Although this court has never had to decide whether a post-arrest delay violates due process in the probation context, we recently analyzed a similar due process claim in the criminal trial context, *see Adams supra*, and we follow the analysis employed there:

"To establish a due process violation under the Federal [and State] Constitution[s], a defendant must show that the delay resulted in actual prejudice to the conduct of his [or her] defense. . . . Once the defendant has shown that actual prejudice resulted from the delay, the trial court must balance this prejudice against the reasonableness of the delay."

*Adams supra* (citations omitted).

Leavitt attempts to satisfy the prejudice prong of the due process test by arguing that the delay interfered with his "institu-

tional progress." That is, because he could not meet the bail posted on the probation violation charge, he was unable to progress through the prison system or participate in the Summit House program while serving his burglary, theft, and driving under revocation sentences. Even assuming that this type of prejudice could establish a due process violation, Leavitt presented no evidence below to substantiate these allegations. The trial court found that "no specific prejudice has been established by the delays in this case." As it was Leavitt's burden to prove "actual prejudice," *Adams supra,* we defer to the trial court's finding and conclude that no due process violation occurred. *See State v. Philibotte,* 123 N.H. 240, 244, 459 A.2d 275, 277 (1983) (showing of actual prejudice necessary to sustain due process claim).

Because the Federal Constitution affords the defendant no greater protection than our own, we need not make an independent federal analysis. *See State v. Ball,* 124 N.H. at 231–32, 471 A.2d at 350–51. Accordingly, we affirm.

*Affirmed.*

All concurred.