Hillsborough-northern judicial district
No. 94-573

## THE STATE OF NEW HAMPSHIRE

v.

## EZEQUIEL BERROCALES

February 7, 1996

*Jeffrey R. Howard*, attorney general (*Patrick E. Donovan*, assistant attorney general, on the brief and orally), for the State.

*Joachim Barth*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

## MEMORANDUM OPINION

PER CURIAM. The defendant, Ezequiel Berrocales, was convicted of felonious sexual assault. RSA 632-A:3 (1986). On appeal, he argues that the Superior Court (*Sullivan*, J.) erred in denying his motion *in limine* to admit evidence that the minor victim had other sources of sexual knowledge. We affirm.

The defendant was charged with sexually assaulting Rosa V., the six-year-old daughter of the defendant's former girlfriend. The victim alleged that the defendant on separate occasions licked her "private" with his tongue. On the first day of trial, the defendant moved *in limine* to introduce evidence that the victim had made prior allegations of sexual abuse or contact by another. Defense counsel argued that the victim had previously alleged that an individual named "Rocky" had either solicited or forced her to perform an act of fellatio, thereby demonstrating that the victim had a source of knowledge of sexual activity exclusive of any act allegedly committed by the defendant.

The trial court denied the defendant's motion, ruling that the defendant failed to abide by the requirements of Superior Court Rule 100-A, which provides:

> Not less than forty-five (45) days prior to the scheduled trial date, any defendant who intends to offer evidence of specific prior sexual activity of the victim with a person other than the defendant shall file a motion setting forth with specificity the reasons that due process requires that he offer such evidence and that the probative value thereof to the defendant outweighs the prejudicial effect on the victim. If the defendant fails to file such motion, he shall be precluded from relying on such evidence, except for good cause shown.

The trial court also found that the evidence was more prejudicial than probative. The court did permit defense counsel to question the victim's mother as to whether she disbelieved her daughter's allegations against the defendant because the victim had made prior reports of sexual abuse.

■ The defendant asserts that Rule 100-A should be interpreted as applying only to prior consensual sexual activity as described in the rape shield statute. *See* RSA 632-A:6, II (Supp. 1995). Even assuming that the defendant is correct, he would not prevail, for

evidence of a victim's prior nonconsensual sexual activity is "subject to evidentiary standards for admissibility, including New Hampshire Rule of Evidence 403, which requires that the probative value of the evidence outweigh its prejudicial effect." *State v. Cox*, 133 N.H. 261, 265, 575 A.2d 1320, 1323 (1990).

■ Here, the trial court found that the prejudicial effect of the "Rocky" allegation outweighed its probative value. This determination is a matter of discretion for the trial court, and we will not reverse absent an abuse of that discretion. *State v. Stayman*, 138 N.H. 397, 402, 640 A.2d 771, 774 (1994). To establish such an abuse, the defendant must demonstrate that the trial court's ruling was "clearly untenable or unreasonable to the prejudice of [his] case." *Id.* (quotation omitted).

■ It is true that if the child victim suffered sexual abuse in a manner factually similar to that alleged against the defendant, the evidence would be relevant to the issue of the victim's knowledge about sexual matters. *See Commonwealth v. Ruffen*, 507 N.E.2d 684, 687-88 (Mass. 1987). But the defendant must demonstrate that the specific details of the prior allegation are probative of the assertion that the victim had independent knowledge of the sexual activity with which the defendant is charged. *See Commonwealth v. Rathburn*, 532 N.E.2d 691, 696 (Mass. App. Ct. 1988), *review denied*, 537 N.E.2d 1248 (Mass. 1989).

■ Based upon the information provided by defense counsel, the "Rocky" allegation involved fellatio, while the charges against the defendant concerned acts of cunnilingus. The probative value of this evidence is negligible: the specific details of the prior allegation are not factually similar to the charged conduct, and familiarity with an act of fellatio does not demonstrate an alternative basis of knowledge in a six-year-old victim for an act of forced cunnilingus. The potential prejudice, on the other hand, is manifest, as an inquiry into the prior allegation would likely compromise the victim's privacy and mislead the jury. *See People v. Arenda*, 330 N.W.2d 814, 818 (Mich. 1982). The trial court did not abuse its discretion in excluding the evidence.

*Affirmed.*

BRODERICK, J., did not participate; the others concurred.