Merrimack
No. 94-611

### THE STATE OF NEW HAMPSHIRE

v.

### CLAUDIO BERROCALES

August 7, 1996

*Jeffrey R. Howard*, attorney general (*Patrick E. Donovan*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J. The defendant, Claudio Berrocales, was convicted of possession of a controlled substance with intent to sell. *See* RSA 318-B:2, :26 (1995). On appeal, he argues that the Superior Court (*Manias*, J.) erroneously denied his motion to suppress evidence seized during a warrantless search of his apartment by a probation officer. We affirm.

In September 1992, the defendant was sentenced to two years probation after pleading guilty to the charge of assault with a deadly weapon. At that time he agreed to a number of conditions of probation, including a term stating, "I will submit to reasonable searches of my person, property and possessions as requested by the Probation/Parole Officer . . . ." *See* SUPER. CT. R. 107(h). In March 1993, the defendant's probation officer received information from the Concord Police Department that the police suspected that the defendant was a cocaine dealer and might be carrying a small automatic weapon. After the defendant admitted to using cocaine and twice tested positive for drug use, his probation officer decided to conduct a search of the defendant's apartment based on the information received from the Concord police and the drug test results. On the morning of March 24, 1993, the defendant's probation officer and three other department of corrections officials conducted a warrantless search of the defendant's apartment, in his presence. The defendant's probation officer discovered a large amount of cash and cocaine hidden under a mattress. The defendant was arrested and subsequently convicted of possession of a controlled substance with intent to sell, and this appeal followed.

The defendant, in his brief and at oral argument, concedes that a warrant is not always required to search a probationer's residence. He acknowledges that "[a] state may by regulation authorize warrantless probation searches, *i.e.*, may promulgate a regulation that itself forms an exception to the warrant requirement," *but see Com. v. LaFrance*, 525 N.E.2d 379, 382 (Mass. 1988), and that "[a] search pursuant to such a regulation is valid if the regulation meets the constitutional mandate that all searches be reasonable." The defendant claims that Superior Court Rule 107(h) nevertheless violates his constitutional right against unreasonable searches under both part I, article 19 of the New Hampshire Constitution and the fourth amendment to the Federal Constitution. The rule, he argues, is unconstitutional because it fails to provide reasonable guidance as to when searches can be lawfully conducted without a warrant, and therefore the superior court improperly denied his motion to suppress.

We address the defendant's claim first under the State Constitution, *see State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), and "[w]here, as in the instant case, federal law is not more favorable to the defendant, we make no separate federal analysis." *State v. Davis*, 139 N.H. 185, 189, 650 A.2d 1386, 1388 (1994). While this is a case of first impression in New Hampshire, this issue has been extensively litigated in the federal courts and in other States.

*See Com. v. Pickron*, 634 A.2d 1093, 1097 (Pa. 1993); *State v. Patterson*, 752 P.2d 945, 947–48 (Wash. Ct. App.), *review denied*, 111 Wash. 2d 1006 (Wash. 1988). Although we are not bound by those decisions, we may look to them for guidance in construing the relevant provisions of the New Hampshire Constitution and the State's probation search regulations. *See State v. Cavanaugh*, 138 N.H. 193, 196, 635 A.2d 1382, 1384 (1993).

Probation conditions, which "are intended to ensure fulfillment of the twin goals of the probation system: rehabilitation of the probationer and protection of the public," *United States v. Hill*, 967 F.2d 902, 908–09 (3d Cir. 1992), must be balanced against the probationer's conditional liberty interests. *See State v. Drake*, 139 N.H. 662, 665, 662 A.2d 265, 267 (1995) (departure from the warrant requirement rests on balancing state and individual interests); *see also Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) (probationers enjoy only conditional liberty properly dependent on observance of special probation restrictions); *cf. State v. Leavitt*, 136 N.H. 475, 476, 617 A.2d 652, 652 (1992) (noting conditional nature of a probationer's liberty interest). Probation is both "a form of punishment, [which] necessarily involves restricted liberty," *Hill*, 967 F.2d at 908, and rehabilitative in nature, such that "the relationship of probation officer to probationer is not entirely adversarial." *Id.* at 909 (quotation and ellipses omitted). Accordingly, we agree with the defendant's statement that although "a probationer does not forfeit his constitutional rights by virtue of his status, his probation officer must have some limited ability to search his home, so as to ensure compliance with the rules of probation." (Citation omitted.)

Having determined that under certain conditions a warrantless search of a probationer's home is justified under part I, article 19, we turn to the defendant's argument that Rule 107(h) is constitutionally infirm. In keeping with our long-standing policy not to "decide questions of a constitutional nature unless absolutely necessary to a decision of the case," *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) (quotation omitted); *see, e.g., State v. Hodgkiss*, 132 N.H. 376, 379, 565 A.2d 1059, 1061 (1989), we need not address this argument.

We hold that in this case, the decision to search the defendant's apartment was properly made on the basis of a reasonable suspicion that he had violated the terms of his probation. *See, e.g., United States v. Giannetta*, 909 F.2d 571, 576 (1st Cir. 1990) (probation search "is not objectionable so long as the decision to search was in fact narrowly and properly made on the basis of reasonable suspicion"). The probation officer's decision to search was premised

on a "reasonable belief" that the defendant was using cocaine, *see id.* (defining reasonable suspicion as a reasonable belief premised on specific and articulable facts rather than a mere hunch), which is a direct violation of the probation condition that he refrain from possessing or using illegal drugs. The decision was based on the "specific and articulable facts" that the defendant (1) admitted that he had been using cocaine and (2) had twice tested positive for cocaine use. *Cf. id.* (finding that because probation officer had reasonable grounds to suspect numerous violations of defendant's probation conditions, a search of the probationer's residence for more concrete evidence of those violations was justified).

Therefore, we hold that the trial court did not err in denying the defendant's motion to suppress because probation officials had a reasonable suspicion, based on specific and articulable facts, to believe that the defendant had violated the terms of his probation.

*Affirmed.*

All concurred.