Merrimack
No. 95-312

THE STATE OF NEW HAMPSHIRE

v.

RAYMOND ELLSWORTH

March 31, 1998

*Jeffrey R. Howard*, attorney general (*Richard J. Lehmann*, attorney, on the brief and orally), for the State.

*Gary Apfel*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J. The defendant, Raymond Ellsworth, was convicted of five counts of felonious sexual assault, *see* RSA 632-A:3 (1996), and two counts of aggravated felonious sexual assault, *see* RSA 632-A:2, XI (1986) (amended 1992), for acts committed against an

eleven-year-old boy. On appeal, he argues that the Superior Court (*Manias*, J.) erred: (1) in its discovery rulings related to counseling provided at a treatment facility that the victim attended after reporting the assaults and in limiting discovery of other materials requested by the defendant; (2) in refusing to admit extrinsic evidence of allegedly false allegations of theft and sexual voyeurism the victim made against other students subsequent to making the allegations against the defendant; and (3) in refusing to allow cross-examination of the victim of prior sexual victimization to establish an alternative source of sexual knowledge. In addition, the defendant argues that the cumulative effect of these alleged errors denied him a meaningful opportunity to challenge the victim's credibility. We affirm.

The following facts were adduced at trial. The defendant was accused of several incidents of sexual assault that occurred while the defendant was a teacher at the Spaulding Youth Center (Spaulding), a residential treatment facility for boys with emotional, developmental, and behavioral problems. The victim testified that on three separate occasions the defendant engaged in several acts of inappropriate touching, anal-oral contact, and fellatio. The victim told a Spaulding counselor about these incidents in November 1992. The defendant was subsequently indicted for eight acts of felonious sexual assault and four acts of aggravated felonious sexual assault. Shortly after leaving Spaulding, but prior to trial, the victim was placed at the Pine Haven School (Pine Haven), where he continued to receive counseling for various emotional and behavioral problems. The defendant denied the victim's allegations, asserting that the victim fabricated the charges either to gain attention or to retaliate against the defendant for administering discipline. The defendant was convicted on five of the felonious sexual assault indictments and two of the aggravated felonious sexual assault indictments. This appeal followed.

## I. Discovery Rulings

■ The defendant first argues that the trial court erred in refusing to review *in camera* counseling records regarding the victim's post-allegation treatment at Pine Haven, and in refusing to allow a deposition of the victim's Pine Haven counselor. The defendant's request for *in camera* review is governed by *State v. Gagne*, 136 N.H. 101, 612 A.2d 899 (1992). To trigger *in camera* review of privileged information, "the defendant must establish a reasonable probability that the records contain information that is material and relevant to his defense." *Id.* at 105, 612 A.2d at 901.

The threshold showing necessary to trigger an *in camera* review is not unduly high. The defendant must meaningfully articulate how the information sought is relevant and material to his defense. To do so, he must present a plausible theory of relevance and materiality sufficient to justify review of the protected documents, but he is not required to prove that his theory is true. At a minimum, a defendant must present some specific concern, based on more than bare conjecture, that, in reasonable probability, will be explained by the information sought.

*State v. Graham*, 142 N.H. 357, 363, 702 A.2d 322, 325-26 (1997) (citation and quotations omitted). Although a defendant is not required to state the "precise nature" of the information sought, *id.*, he must provide the court with a logical factual basis for his request, based on information independently obtained, that the file may yield relevant evidence. *See State v. Taylor*, 139 N.H. 96, 98-99, 649 A.2d 375, 376 (1994).

■ Here, defense counsel's discovery motion stated that the victim's Pine Haven records should be reviewed *in camera* because "[a]ccording to the guardian ad litem, the complainant has been discussing the preparation of trial on this matter with [his] current counselor. The counselor's records are relevant and exculpatory because they contain additional statements made by the complainant about the allegations." In response, the guardian ad litem denied making such a representation to counsel, stating that he had only "relayed to [counsel] that [the victim's] therapist felt that a continuance [of trial] would be extremely distressing for the juvenile." The guardian ad litem further stated that he "possess[ed] no information pertaining to any discussion of trial preparation between the juvenile and any other person." Because the defendant's factual allegations were unsupported, he was left with a mere assertion that the Pine Haven records contained relevant information simply because the victim saw a counselor subsequent to making the allegations against the defendant. This is clearly an inadequate threshold showing. *Cf. Taylor*, 139 N.H. at 98, 649 A.2d at 376 (defendant failed to make an adequate showing where defendant established only that victim had spoken with division for children and youth services).

■ On appeal, the defendant argues that the existence of potentially exculpatory materials need not have been left to reasonable probability standards, however, because the trial court became

aware of actual exculpatory evidence that may have been contained in the Pine Haven records. Specifically, after the trial court denied the defendant's discovery motion, the defendant produced the testimony of former Pine Haven staff member Craig Klare, who stated that the victim had falsely accused other students of stealing a toy and "peeking" under a shower stall. While defense counsel, during trial, noted that "the motion for *disclosure* of potentially exculpatory materials should be considered to be a continuing one," (emphasis added), the defendant never specifically renewed his *Gagne* request regarding *in camera* review of the Pine Haven records based on Klare's testimony. We do not expect the trial court, in this context, to reopen *sua sponte* a motion it had previously denied. *Cf. State v. Smart*, 136 N.H. 639, 652-53, 622 A.2d 1197, 1206, *cert. denied*, 510 U.S. 917 (1993) (trial court did not err in failing, *sua sponte*, to order a continuance). *But cf. State v. Zorzy*, 136 N.H. 710, 714-15, 622 A.2d 1217, 1219 (1993) (trial court must *sua sponte* order hearing if doubt about defendant's competency to stand trial arises). We will not base a finding of error on claims that were not properly called to the attention of the trial judge. *See State v. Cole*, 142 N.H. 519, 521, 703 A.2d 658, 659 (1997). Accordingly, we conclude that the trial court did not err in refusing to conduct an *in camera* review of the Pine Haven records.

■ The defendant also argues that the trial court erred by denying his motion to depose the victim's Pine Haven counselor. We review such rulings under an abuse of discretion standard. *State v. Rhoades*, 139 N.H. 432, 433, 655 A.2d 414, 415 (1995). "A defendant has no general and unqualified due process right under either the State or Federal Constitutions to compel depositions in criminal cases." *Id.* In order to succeed on a motion to depose, the defendant must make a threshold showing of necessity given the particular facts and circumstances of his case. *Id.* at 434, 655 A.2d at 415; *see* RSA 517:13, II (1997).

■ In his motion for depositions, the defendant stated only that the victim was seeing a counselor and that "[a]lthough there have not been any specific representations that the complainant made statements about the case[,] . . . it has been represented . . . that the counselor has been used for a resource to determine the complainant's position with respect to particular issues of the cases, specifically the Defendant's Motion to Continue." During the motions hearing, counsel stated only that "the [victim's] mother told us . . . one reason for the placement to Pine Haven was the child's accusations of sexual abuse and dealing with those accusations.

There's good reason to think that the child may have spoken about this case with his counselor at Pine Haven." These bare assertions are insufficient to demonstrate necessity. Further, "[d]iscovery depositions are not always essential to adequate trial preparation, for there may be other sources of information and evidence available to an accused." *Rhoades*, 139 N.H. at 434, 655 A.2d at 415 (quotation omitted). Defense counsel indicated that the deposition was needed to uncover inconsistencies in the victim's account of the offenses. Defense counsel also noted, however, that each of the victim's statements to the police was "different" and that there was "a problem with inconsistent statements." Accordingly we hold that the trial court did not abuse its discretion in denying the defendant's motion.

## II. Extrinsic Evidence

The defendant next argues that the trial court erred when it denied the defendant's request to admit extrinsic evidence, based on Klare's testimony, that the victim had made false allegations of sexual voyeurism and theft against other children at Pine Haven. Defense counsel was allowed to question the victim about these allegations on cross-examination. The victim, however, denied ever making any false allegations at Pine Haven. The defendant sought to admit Klare's testimony under New Hampshire Rule of Evidence 404(b) as proof of knowledge, plan, and motive. The defendant also argued that he was entitled to present extrinsic proof of these acts under the due process and confrontation clauses of both the Federal and State Constitutions. *See* U.S. CONST. amend. VI, XIV; N.H. CONST. pt. I, art. 15.

■ ■ We first address the defendant's claim that Klare's testimony should have been admitted as a matter of evidentiary law. The decision to admit evidence under Rule 404(b) is discretionary, and we will overturn the decision of the trial court only if its decision "was clearly untenable or unreasonable to the prejudice of [the defendant's] case." *State v. McGlew*, 139 N.H. 505, 507, 658 A.2d 1191, 1193 (1995). To be admissible under Rule 404(b), a threshold inquiry is whether the proffered evidence is relevant for a purpose other than proving character or disposition. *Id.* In this case, the defendant has the burden of proving the relevancy of the proffered evidence. *See id.* at 509, 658 A.2d at 1195. We find that the defendant failed to make a proper showing of relevance.

■ First, the defendant sought to admit Klare's testimony as evidence of a "motive to gain attention and affection from teachers,

counselors and staff members." "Motive has been defined as supplying the reason that nudges the will and prods the mind to indulge the criminal intent." *State v. Bassett*, 139 N.H. 493, 497, 659 A.2d 891, 895 (1995) (quotation omitted). "While Rule 404(b) does not automatically bar subsequent bad act evidence, the temporal (as well as logical) relationship between a [victim's] later act and his earlier state of mind attenuates the relevance of such proof." *State v. Hastings*, 137 N.H. 601, 604-05, 631 A.2d 526, 529 (1993) (quotation, brackets, and ellipses omitted). Here, there is no "clear connection," *Bassett*, 139 N.H. at 499, 659 A.2d at 896, between the victim's "motive" to make allegations against the defendant and his alleged subsequent "motives" to make false allegations at Pine Haven. The timing of the acts alleged by Klare is such that the acts are not relevant with respect to motive in this case. Essentially, the defendant derives relevancy from an allegation that because the victim may have lied to gain attention *well after* he accused the defendant of sexual abuse, it is more probable that he lied about the events that gave rise to the instant criminal charges. Any logical connection between the two events necessarily involves the victim's alleged bad character and predisposition or propensity to lie, a connection prohibited by our Rule 404(b) case law. *See, e.g., State v. Melcher*, 140 N.H. 823, 828, 678 A.2d 146, 149 (1996) ("no link in the chain of inferences justifying relevance can be derived from the [later] conduct's tendency to show character or disposition").

While other courts have held that "the standard of admissibility when a criminal defendant offers similar acts evidence as a shield need not be as restrictive as when a prosecutor uses such evidence as a sword," *United States v. Aboumoussallem*, 726 F.2d 906, 911 (2d Cir. 1984), the bad acts evidence sought to be admitted here is wholly irrelevant. *Cf. id.* at 912 (when Rule 404(b) is used as a shield, courts must determine only "whether the evidence is relevant to the existence or non-existence of some fact pertinent to the defense.") In this case, the defendant wanted to use evidence of the Pine Haven allegations to show that because the victim allegedly lied about events, notably dissimilar in nature to the allegations charged, he lied when he accused the defendant of sexual abuse. Simply put, the theory of the defense was that because the victim allegedly was "a liar" at Pine Haven when he alleged that other boys were "peeking at him" in the shower or stealing his toys, he was a liar at Spaulding when he alleged, in great detail, that the defendant had molested him on three separate occasions. Accordingly, we find that there was no abuse of discretion.

██  Similarly, the proffered evidence is not relevant, as the defendant asserted, to show a "common plan or scheme to gain positive attention and divert negative attention." We have stated:

> The distinguishing characteristic of a plan is the existence of a true plan in the [actor's] mind which includes the charged and uncharged [acts] as stages in the plan's execution. Viewed objectively, the other bad acts must clearly tend to show that the [actor] had a definite prior design or system which included the doing of the act [alleged] as a part of its consummation.

*Melcher*, 140 N.H. at 828, 678 A.2d at 149 (quotations and citation omitted). The inferential links necessary to show that the victim had formed a "plan" to gain attention at both Spaulding and Pine Haven are simply missing, and therefore the trial court did not err.

The defendant's final claim of relevancy was that Klare's testimony demonstrated that the victim had the knowledge and ability necessary to "fabricate relatively plausible stories and then tell them with a straight face." Again, the logical connection between the victim's alleged false accusations at Pine Haven and the allegations against the defendant was that the victim had a propensity to lie, an impermissible use of Rule 404(b) evidence. *See Hastings*, 137 N.H. at 605-06, 631 A.2d at 529.

The defendant also argues that due process and confrontation concerns require admission of Klare's testimony despite Rule 608's bar to the admission of extrinsic evidence of specific instances of conduct for the purpose of attacking the victim's credibility. N.H. R. EV. 608(b); *see Davis v. Alaska*, 415 U.S. 308, 315-317 (1974); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1972) (evidentiary rules may not be applied to infringe on basic constitutional rights). We first address the defendant's claim under the State Constitution, *see State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), and will engage in a separate federal analysis only if federal law is more favorable to the defendant, *cf. State v. Seymour*, 140 N.H. 736, 742, 673 A.2d 786, 791, *cert. denied*, 117 S. Ct. 146 (1996). Other jurisdictions have addressed this issue, and "although we are not bound by those decisions, we may look to them for guidance in construing the relevant provisions of the New Hampshire Constitution." *State v. Berrocales*, 141 N.H. 262, 264, 681 A.2d 95, 96 (1996).

██ ██  A number of courts have recognized that, in sexual assault cases, substantive evidence of *prior* false allegations of

sexual abuse tending to show that the instant allegations were false may be admitted. *Clinebell v. Com.*, 368 S.E.2d 263, 265-266 (Va. 1988); *Covington v. State*, 703 P.2d 436, 441-42 (Alaska Ct. App.), *rev'd on other grounds*, 711 P.2d 1183 (Alaska Ct. App. 1985). We have held in the context of our rape shield statute, *see* RSA 632-A:6, II (1996) (amended 1996); N.H. R. EV. 412, that due process and confrontation rights guaranteed by the State and Federal Constitutions may trump established evidentiary rules. *See, e.g., State v. Goulet*, 129 N.H. 348, 351, 529 A.2d 879, 881 (1987). Although in the context of sexual assault Rule 608(b) should not be interpreted so strictly as to preclude the admission of extrinsic evidence that is probative of a material issue, *see United States v. Stamper*, 766 F. Supp. 1396, 1405 (W.D.N.C. 1991) (quotation omitted), *aff'd sub nom. In re One Female Juvenile Victim*, 959 F.2d 231 (4th Cir. 1992), extrinsic evidence should be admitted only where the allegations are similar, and the proffered evidence is highly probative of the material issue of the complainant's motives. *See id.; Miller v. State*, 779 P.2d 87, 90 (Nev. 1989). We hold that the defendant has failed to make a threshold showing of probity and similarity to justify admission of the testimony.

In the instant case, the defendant argued that the victim made the allegations against him in an effort to gain attention from others or retaliate against the defendant for disciplining the victim. The *subsequent* alleged fabrications of sexual voyeurism and theft at Pine Haven and the charged crimes of fellatio and inappropriate touching completely lack similarity and evidentiary nexus. Further, the probative value of this evidence is weak because at most it shows that as a result of the attention he received *after* making the allegations against the defendant, the victim later made false allegations of relatively minor infractions at Pine Haven. *Cf. Miller*, 779 P.2d at 90 (defendant must establish that prior false accusations of sexual assault were made and were in fact false, and that the probative value outweighs the inherent prejudice); *Covington*, 703 P.2d at 442; *State v. Huchinson*, 688 P.2d 209, 212-13 (Ariz. Ct. App. 1984). The instant case is qualitatively different from cases such as *Clinebell*, where a defendant charged with raping his daughter attempted to introduce evidence that the complainant had made prior false allegations of rape against other family members. *Clinebell*, 368 S.E.2d at 266; *see also Stamper*, 766 F. Supp. at 1405 (evidence of three prior false allegations of rape admissible in statutory rape trial despite Rule 608 bar on extrinsic evidence). Because we conclude that federal law provides no additional pro-

tection in this area, *see Covington*, 703 P.2d at 442 (under the sixth amendment to the Federal Constitution, courts may allow extrinsic evidence on whether victim made prior false allegations); *see generally Stamper*, 766 F. Supp. at 1400, we will not undertake a separate federal analysis. Accordingly, we find no error.

Additionally, the defendant compiled a laundry list of complaints regarding the trial court's other discovery rulings. We have reviewed the record and find that the defendant's arguments are without merit and do not warrant further discussion. *See, e.g., Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*III. Cross-Examination Regarding Alternative Source of Sexual Knowledge*

The defendant next contends that the trial court erred in prohibiting cross-examination of the victim's prior sexual victimization to demonstrate an alternative source of sexual knowledge. "Trial courts have broad discretion in determining the scope of cross-examination and we will not overturn the trial court's ruling absent an abuse of that discretion." *State v. Ellsworth*, 136 N.H. 115, 119, 613 A.2d 473, 475 (1992). "To establish such an abuse, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case." *State v. Berrocales*, 140 N.H. 647, 649, 670 A.2d 1045, 1047 (1996) (quotations and brackets omitted).

The defendant sought permission to cross-examine the victim about an incident of penetration by anal intercourse that allegedly occurred when the victim was quite young. The defendant argued that such information was "relevant for the purpose of explaining why the complainant had the ability to describe the sexual acts." During the hearing on the defendant's motion, the State represented that indictments were brought against an individual who allegedly engaged in digital anal penetration and fellatio with the victim when the victim was between two-and-a-half and three-and-a-half years old. The trial court denied the defendant's request, stating that the information was irrelevant.

Information of prior abuse may be relevant to show that the prior abuse, not the charged acts, were the source of sexual knowledge where a child victim possesses extraordinary awareness of sexual matters. *See Com. v. Rathburn*, 532 N.E.2d 691, 696 (Mass. App. Ct. 1988), *review denied*, 537 N.E.2d 1248 (Mass. 1989). To be admissible, however, "the defendant must demonstrate that the specific details of the prior allegation are probative of the assertion

that the victim had independent knowledge of the sexual activity with which the defendant is charged." *Berrocales*, 140 N.H. at 649, 670 A.2d at 1047. Here, the defendant conceded that prior abuse was not the only source of sexual knowledge, because "while [the victim] was at Spaulding Youth Center, he was engaged in constant therapy about sexual abuse." Accordingly, we cannot disturb the trial court's ruling that the "defendant failed to prove his theory that it was the experience at age three, as opposed to any other, that gave complainant the information to support the present allegations," and therefore the prior sexual abuse was irrelevant and inadmissible. Moreover, the probative value of this information is almost negligible, while "[t]he potential prejudice . . . is manifest, as an inquiry into the prior allegation would likely compromise the victim's privacy and mislead the jury." *Id.*

*IV. Cumulative Error*

The defendant argues that cumulative errors by the trial court violated his due process rights and right to confrontation because he was unable to effectively challenge the credibility of the victim. Because we find no error on the part of the trial court, however, this argument is not persuasive. *See Smart*, 136 N.H. at 669, 622 A.2d at 1216.

*Affirmed.*

HORTON, J., concurred in the result only; the others concurred.