Merrimack
No. 2006-150

LAWRENCE SLEEPER

v.

WARDEN, NEW HAMPSHIRE STATE PRISON

Argued: January 18, 2007
Opinion Issued: April 5, 2007

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the petitioner.

*Law Office of Joshua L. Gordon*, of Concord (*Joshua L. Gordon* on the brief and orally), for the respondent.

DUGGAN, J. The State appeals an order of the Superior Court (*Brennan*, J.) granting a writ of habeas corpus to the petitioner, Lawrence Sleeper. We reverse.

Sleeper was convicted after a jury trial in Superior Court (*Fitzgerald*, J.) of several charges of aggravated felonious sexual assault and felonious sexual assault. The evidence at trial consisted of the testimony of the two

juvenile victims and Sleeper, who testified on his own behalf and denied the allegations.

Four days after the verdict, the trial judge issued an order explaining that after the guilty verdicts, he went to the jury deliberation room "to dismiss [the jury] and thank them." The order continued:

> There was some general questioning and comment about their jury service. One juror then asked why there was so little evidence to go on in this case. I explained the nature of sexual assaults and that they frequently came down to one person's word against another. I further explained that police investigations are largely made up of hearsay evidence which is not admissible so the police would not necessarily have anything to add. There was some general comment about the difficulty and stress of deciding this kind of case. The foreperson then asked "Can I ask you something about the trial?" (my personal recollection) or according to another court employee in the room, "Can we tell you why?" There were several different conversations going on in the room at the time. I responded I'll answer what I can. The foreperson went on to say "the prosecution put on all this evidence and we (the jury) kept asking why he (the defendant) didn't put on any evidence that he didn't do it." Another court employee in the room understood the foreperson to say "there was all these accusations and evidence being offered . . . but the defendant did not really offer anything or explain why he was not guilty." As the record shows, the defendant testified in his defense and my first reaction was that the comments were directed at the defendant's credibility. On further reflection, however, the comments could reflect improper burden shifting on the part of the jury. The jury foreperson was quoted by the press (based on comments after the jury was dismissed and had left the courthouse) as saying, "It was difficult because we had to systematically breakdown the credibility of the witnesses, but in the end both of their (the victims [sic]) stories were actually very consistent . . . ."

The order then gave the parties an opportunity to "file motions requesting any relief deemed appropriate in light of the above accompanied by a detailed memorandum of law supporting the parties' [sic] position with specific reference to use of a juror's 'testimony' to impeach a verdict."

Sleeper filed a motion to reconvene the jury, to which the State objected. The trial court denied the motion, ruling that "[t]he comments of

the jury do nothing more than reflect on the jury's proper function of weighing the credibility of each and every witness that testifies including the defendant and do not reflect a general burden shifting to the defendant."

Thereafter, Sleeper appealed. Five issues were raised in his notice of appeal, including the issue of whether the trial court erred in deciding not to reconvene the jury. That issue, however, was not briefed. We affirmed the convictions. *See State v. Sleeper,* 150 N.H. 725 (2004).

Sleeper subsequently filed a petition for writ of habeas corpus in superior court, arguing the trial court erred in not acting immediately to conduct an individual *voir dire* of each juror. He asserted that by delaying disclosure of the jurors' comments, the court "forced a legal situation that is virtually unwinnable for a convicted defendant—requiring a request to reconvene long after the jury had disbanded." The State filed an answer and motion to dismiss, arguing that Sleeper had not alleged a constitutional error entitling him to habeas corpus review.

The superior court granted the petition and ordered a new trial. The court reasoned that "the foreperson's comments immediately after the trial and before the jury was released by the court can reasonably be understood to have unconstitutionally shifted the burden of proof to the petitioner . . . ."

On appeal, the State argues that Sleeper's failure to raise the issue of whether the trial court erred by not immediately conducting an individual *voir dire* of each juror on his direct appeal bars consideration of the issue on habeas corpus review. Sleeper argues that his habeas corpus petition is not procedurally barred because the issue he is raising now differs from the issue he raised in his motion to reconvene the jury. In support of this argument, Sleeper refers to the trial court's order following his conviction and contends that "regardless of the language of the trial court's invitation for pleadings, the only remedy available was a request to reconvene the jury. . . . It is because of the *timing,* not the language of the invitation, that Mr. Sleeper's trial counsel filed a 'Motion to Reconvene Jury,' and that the memorandum of law in support of it dealt exclusively with the issue of impeaching a verdict with juror testimony."

"When court action results in the loss of a constitutionally protected liberty interest, it may be collaterally attacked by way of petition for writ of habeas corpus after the time for direct appeal has expired." *Petition of Kerry D.,* 144 N.H. 146, 148 (1999). To obtain relief, the petitioner must show harmful constitutional error. *Bonser v. Courtney,* 124 N.H. 796, 808 (1984). Habeas corpus is not, however, a substitute for an appeal, and we

have previously held that procedural defaults may preclude later collateral review. *Avery v. Cunningham*, 131 N.H. 138, 143 (1988).

■ Sleeper misconstrues the scope of the trial court's order. The court's invitation to the parties to file post-verdict motions was broad. Indeed, it permitted them to "file motions requesting any relief deemed appropriate." The court's additional request that the parties brief the issue concerning use of a juror's testimony to impeach a verdict was not intended to, and did not, limit the parties' arguments. In fact, Sleeper's argument that the trial court erred by not immediately conducting an individual *voir dire* of each juror would have been raised in such a motion, since the critical issue here was whether the juror's comments following entry of the verdict raised a colorable claim that the jury had improperly shifted the burden of proof and whether the trial court appropriately investigated the matter. *See State v. Smart*, 136 N.H. 639, 659, *cert. denied*, 510 U.S. 917 (1993); *see also Vatistas v. Hickens*, 121 N.H. 455, 456-57 (1981). Thus, it was incumbent upon Sleeper to raise the issue he raised in his habeas petition in his post-verdict motion. His failure to do so precludes subsequent review on collateral attack. *See Avery*, 131 N.H. at 143 (procedural defaults may preclude later collateral review).

The State points out in its brief that even when a habeas petitioner procedurally defaults on an issue, a court may nonetheless address that issue if it falls within a narrow exception to the rule of procedural waiver. This court has not before examined the scope of that exception. In the federal courts, the exception requires a habeas petitioner to "demonstrate either 'cause' and 'actual prejudice' . . . or that he is 'actually innocent.'" *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted); *see also* 28 U.S.C. § 2254 (2000). Sleeper, however, has not argued that he fits within this exception and we therefore decline to address it.

Based upon the foregoing, the superior court's decree granting Sleeper's petition for writ of habeas corpus is reversed.

*Reversed.*

BRODERICK, C.J., and DALIANIS, GALWAY and HICKS, JJ., concurred.