Hillsborough-northern judicial district
No. 2009-076

AMY BARNET

v.

WARDEN, NEW HAMPSHIRE STATE PRISON FOR WOMEN & a.

Argued: October 15, 2009
Opinion Issued: December 4, 2009

*Richard C. Mooney*, of Concord, by brief and orally, for the petitioner.

*Michael A. Delaney*, attorney general (*Danielle L. Pacik*, assistant attorney general, on the brief and orally), for the respondents.

DALIANIS, J. The petitioner, Amy Barnet, appeals a decision of the Superior Court (*Barry*, J.) denying her petition for writ of habeas corpus against the respondents, Warden, New Hampshire State Prison for Women and the New Hampshire Adult Parole Board. We affirm.

The record supports the following facts. In 2006, the petitioner was sentenced to the New Hampshire State Prison for Women. She was paroled in January 2007. On August 17, 2008, she stole items from Kittery Trading Post in Kittery, Maine, but was not apprehended because she fled the store. On August 20, she contacted Kittery police and her probation/parole officer, Elisabeth Cloutier, to take responsibility for the theft. She left a message for Cloutier, stating, "I have to . . . take responsibility for what I did. So I messed up. I shoplifted. . . . I will be in . . . today to turn myself in." She did so and was arrested and incarcerated.

That evening, Cloutier met with the petitioner at the Hillsborough County House of Corrections where she signed a statement admitting to

shoplifting. Cloutier provided the petitioner with notice of a preliminary hearing scheduled for the following day, August 21, at 4 p.m. *See* RSA 504-A:5 (Supp. 2008) (mandating that a detained parolee's preliminary hearing be held "within 72 hours from the time of arrest"). The notice informed her that she had violated the conditions of her parole, including rules and conditions listed in a written warning she had been given on August 5. The notice referenced rules by number but did not describe the alleged violations in detail. The petitioner signed the notice acknowledging that she was notified of the violations.

On August 21, Cloutier issued an affidavit and warrant for the petitioner's arrest. The warrant stated that she had violated rules 10, 11, 7, 3, 2, and 6 of her parole conditions and provided a brief description of the violations. At the preliminary hearing, the petitioner reviewed the warrant and associated reports. She presented no witnesses, made no objections, and declined to make a statement. A preliminary hearing officer found that her arrest and detention were proper and that she should continue to be detained pending the outcome of her parole revocation hearing.

The revocation hearing was scheduled for September 23, within the forty-five-day time limit required by statute. *See* RSA 651-A:17 (2007). Before the revocation hearing, the petitioner filed a *pro se* petition with the parole board. Counsel was appointed for the petitioner on September 22. At the revocation hearing, the petitioner filed a supplement to her petition, entitled "Motion to Remove Parole Violation Warrant." She requested that the parole board rule on her motion before any further proceedings. The parole board continued the revocation hearing on its own motion so that the respondents could review and respond to the petitioner's pleadings. The parole board stated that, by filing the supplemental pleading, the petitioner waived the forty-five-day time limit. The petitioner did not object.

The parole revocation hearing was rescheduled for November 18. The petitioner's counsel was not notified by either the petitioner or the parole board; thus, he was not present. The petitioner refused to be transported for the hearing, but was brought to the video conference room at the prison and required to participate by way of video conference. She argued that the parole board had lost its jurisdiction by failing to rule on her petition and motion and by failing to provide her with a revocation hearing within forty-five days. The parole board continued the hearing on its own motion until December 16 because of the petitioner's refusal to attend in person. Before her revocation hearing, the petitioner filed a petition for writ of habeas corpus, which the superior court denied. At the December 16 revocation hearing, the petitioner's counsel was present, and the parole board denied the petitioner's petition and motion, found her in violation of her parole conditions, and revoked her parole. *See* RSA 651-A:18 (2007). On

appeal from the superior court's denial of her petition for writ of habeas corpus, the petitioner argues that the respondents violated her due process rights by: (1) failing to give her proper notice of the charges against her before her preliminary hearing; and (2) failing to hold her revocation hearing within the requisite time period.

In reviewing the trial court's ruling, we accept its factual findings unless they lack support in the record or are clearly erroneous. *State v. Wiggin*, 151 N.H. 305, 307 (2004). Our review of the trial court's legal conclusions, however, is *de novo*. *Id*. Because the petitioner fails to "unambiguously and specifically" invoke any provision of the State Constitution in her brief, we address her arguments only under the Federal Constitution. *State v. Burke*, 153 N.H. 361, 363 (2006) (quotation omitted).

First, the petitioner argues that the respondents denied her due process before the preliminary hearing on August 21 because she was not given proper notice of the charges against her. Specifically, she contends that the notice did not provide enough detail and that because it was provided on the day before the hearing, her ability to prepare a defense was adversely affected.

■■ The liberty of a person on parole is protected by the Fourteenth Amendment to the United States Constitution and can be terminated only in accordance with requisite procedural due process. *Belton v. Vitek*, 113 N.H. 183, 184 (1973). The process of parole revocation involves two stages. *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972). The first stage involves the arrest and detention of the parolee, usually at the direction of the parole officer. *Id*. The second is the formal revocation hearing process. *Id*. The petitioner first claims that she received constitutionally inadequate notice before her preliminary hearing. *See* RSA 504-A:6 (1997) ("The facts and circumstances surrounding the arrest and detention . . . shall be expeditiously reviewed at a preliminary hearing meeting the due process requirements of law.").

■ The purpose of a preliminary hearing is "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Morrissey*, 408 U.S. at 485. We have interpreted the preliminary hearing as being "simple, prompt, flexible, [and] informal." *Belton*, 113 N.H. at 185. "[T]he parolee should be given notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole violation. The notice should state what parole violations have been alleged." *Morrissey*, 408 U.S. at 486-87.

■ "Technical errors in the parole revocation process do not rise to the level of a constitutional issue, and a parolee must show prejudice before we will find a due process violation." *Linton v. Walker*, 26 Fed. Appx. 381, 383 (6th Cir. 2001), *cert. denied*, 534 U.S. 1155 (2002). "[F]or defective notice to form a basis for habeas relief a petitioner must demonstrate that he was prejudiced by the claimed defect." *Winningham v. Turner*, 878 F.2d 1062, 1064 (8th Cir. 1989) (quotation omitted); *see United States v. Pattman*, 535 F.2d 1062, 1063 (8th Cir. 1976) (where petitioner was given actual, but not written, notice of the charges against him on the day of the preliminary hearing and written notice well in advance of the final hearing and failed to show prejudice, the error, if any, was harmless). Accordingly, even if we assume, without deciding, that the notice provided was inadequate, the petitioner must demonstrate how it caused her prejudice, and, thus, violated her right to due process. We hold that she has failed to do so.

■ The petitioner contends generally that she did not have sufficient time or information to prepare for the preliminary hearing, but does not state what she would have presented to oppose a showing of probable cause if she had been given more time or more detailed notice. Though she had access to all relevant documents and the opportunity to present testimony from witnesses, make a statement and present other evidence at the preliminary hearing, she declined to do so and does not now identify anything she would have presented with more timely or detailed notice of the charges against her. To the extent she argues that the prejudice she suffered was her continued incarceration, she has similarly failed to demonstrate any causal connection between her incarceration and the allegedly improper notice. Accordingly, we hold that the flaws, if any, in the notice provided to her before her preliminary hearing did not constitute a violation of her due process rights.

Next, the petitioner argues that the respondents violated her due process rights by failing to hold a parole revocation hearing within forty-five days of her arrest, as required by statute. RSA 651-A:17 provides that a parolee arrested for violating conditions of her parole "shall be entitled to a hearing before the board within 45 days." The trial court found that the petitioner "failed to show that the alleged delay has resulted in actual prejudice to the conduct of her defense." In her brief, the petitioner concedes that this ruling was "correct for Due Process," but asserts that it "did not address the statutory violation by the Parole Board." She does not contend that she was in fact prejudiced by the delay.

■■ Due process protects a parolee against unreasonable deprivations of her conditional liberty interest, including an unreasonable delay between the parolee's arrest and the revocation hearing. *Morrissey*, 408 U.S. at 488;

see *State v. Leavitt*, 136 N.H. 475, 476 (1992) (probation revocation). To establish a due process violation under the Federal Constitution, a parolee must show that the delay resulted in actual prejudice to the conduct of her defense. *See Leavitt*, 136 N.H. at 476. Here, the petitioner concedes that she was not prejudiced by any delay, and, thus, she cannot demonstrate that her due process rights were violated. *See id.*

To the extent that the petitioner seeks habeas relief for the alleged statutory violation alone, such relief is unavailable to her. To obtain habeas corpus relief, the petitioner must show harmful constitutional error. *Sleeper v. Warden, N.H. State Prison*, 155 N.H. 160, 162 (2007). As the petitioner has failed to demonstrate that the alleged failure to comply with RSA 651-A:17 constituted harmful constitutional error, the trial court did not err by failing to address her statutory claim further.

*Affirmed.*

BRODERICK, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.