Concord District Court
No. 98-462

### THE STATE OF NEW HAMPSHIRE

v.

### IAN GRAHAM

March 16, 2001

█

*Philip T. McLaughlin*, attorney general (*Philip B. Bradley*, attorney, on the brief, and *Stephen D. Fuller*, attorney, orally), for the State.

*John P. Newman*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

GROFF, J., superior court justice, specially assigned under RSA 490:3. The defendant, Ian Graham, appeals an order of the Concord District Court (*Warhall*, J.) imposing his deferred sentence. We affirm.

The record supports the following facts. On November 7, 1997, the defendant was convicted of simple assault and sentenced to six months, which was deferred for six months.

The deferment of the defendant's sentence was expressly conditioned upon substance abuse evaluation and counseling, and anger management evaluation and treatment. The defendant was also placed on probation to monitor his "CADAC evaluation, [and] anger management evaluation and treatment[, and] restitution through [the department of corrections]." Finally, the court fined the defendant $1,000.00, suspended for two years on good behavior, and ordered him to make restitution through the department of corrections and perform forty hours of community service.

On May 8, 1998, the court held a hearing on the defendant's deferred sentence. The State argued that the defendant's sentence should be imposed because he had not been of good behavior in that he had been arrested for simple assault, disorderly conduct, and domestic simple assault. The defendant did not challenge the State's offer of proof that he was not of good behavior and conceded the arrests. Rather, he argued that his sentence could not be imposed because a deferred sentence does not include an implied condition of good behavior and because he had satisfied the expressed special conditions of the deferral.

The court imposed the defendant's deferred sentence. In its ruling, the court stated that the defendant had not shown cause why his deferred sentence should not be imposed, and that he did not comply with the implied condition of good behavior that is included in any suspended or deferred sentence. This appeal followed.

On appeal, the defendant argues that his right to due process under Part I, Article 15 of the New Hampshire Constitution was violated because he was not given notice that good behavior was a condition of his deferred sentence.

In *State v. Budgett*, 146 N.H. 135 (2001), we held today that there is an implied condition of good behavior in every suspended sentence, and that "good behavior" is limited to conduct conforming to the law. We must now determine whether an implied condition of good behavior is also applicable to deferred sentences. We hold that it is.

We have previously recognized the distinctions between suspended and deferred sentences. *See State v. Rothe*, 142 N.H. 483,

485 (1998). In *Rothe*, we explained that "[u]nlike suspended sentences, deferred sentences lack explicit statutory authority," but have been impliedly condoned by the legislature. *Id.* (citation omitted). The primary difference between these sentence options, however, is the procedure that must be followed for their imposition.

The fact that suspended and deferred sentences are distinct sentencing options with differing procedures for imposition is a distinction without a difference for our purposes today. We find, therefore, that an implied condition of good behavior in suspended sentences is applicable to deferred sentences. As we stated in *Budgett*, "[i]t would be illogical and unreasonable to conclude that a defendant who has been granted conditional liberty, needs to be given an expressed warning that if he commits a crime, he will lose the privilege of that liberty." *Budgett*, 146 N.H. at 138. "[A] condition . . . that a person may not commit a crime, is so basic and fundamental that any reasonable person would be aware of such condition." *Id.* (quotation and brackets omitted). Thus, as with a suspended sentence, a fundamental condition of any deferred sentence "whether expressly stated or not, is that the defendant shall not violate the law." *Id.* (quotation omitted).

■ Accordingly, we hold that there is an implied condition of good behavior in deferred sentences and that the condition does not offend due process. Therefore, the defendant's right to due process was not violated by the court's imposition of his deferred sentence because of his criminal conduct.

*Affirmed.*

BRODERICK, NADEAU and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.