Grafton
No. 98-193

THE STATE OF NEW HAMPSHIRE

v.

CHRISTOPHER PALERMO

March 16, 2001

*Philip T. McLaughlin*, attorney general (*Stephen D. Fuller*, attorney, on the brief and orally), for the State.

*Behzad Mirhashem*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

## MEMORANDUM OPINION

GROFF, J., superior court justice, specially assigned under RSA 490:3. The defendant, Christopher Palermo, appeals from an order of the Superior Court (*Morrill*, J.) imposing his deferred sentence. We vacate and remand.

The record supports the following facts. In March 1997, the defendant pleaded guilty to the crimes of theft by unauthorized taking, *see* RSA 637:3 (1996), and criminal solicitation, *see* RSA 629:2 (1996). The Superior Court (*Smith*, J.) sentenced the defendant to the New Hampshire State Prison for one to two years on the theft by unauthorized taking charge, but suspended the maximum sentence on the condition of good behavior.

On the criminal solicitation charge, the court sentenced the defendant to prison for three to six years, deferred for five years. The defendant's deferred sentence was expressly conditioned on the completion of the Marathon House program upon his release. The court also placed the defendant on probation for three years.

The State moved to impose the defendant's suspended and deferred sentences on the grounds that the defendant violated the condition of good behavior because he committed numerous prison disciplinary violations. The Superior Court (*Morrill*, J.) held a hearing on the State's motions on February 17, 1998. At the hearing, four department of corrections officers testified that the defendant was disruptive, disobeyed orders, threatened prison staff members and their families and resisted being handcuffed. Based upon this testimony, the court found that the defendant was not of good behavior and imposed his suspended and deferred sentences.

On February 24, 1998, the defendant moved for reconsideration of the court's order, arguing, *inter alia*, that the court's imposition of his deferred sentence violated his right to due process because he was not given notice that his sentence was conditioned on good behavior. The superior court denied the defendant's motion, stating that "[i]mplicit in the deferral of any sentence is the condition that the defendant be of good behavior." This appeal followed.

In *State v. Graham*, 146 N.H. 142 (2001), we held today that there is an implied condition of good behavior in deferred sentences,

and that good behavior is limited to conduct conforming to the law. Having considered the circumstances in this case, we conclude that the court erred in imposing the defendant's deferred sentence. The court's order imposing the defendant's sentences simply stated that "[b]ased on the evidence submitted at the hearing on February 17, 1998, I find that the defendant has not been of good behavior." The court did not, however, indicate whether it had found that the defendant's disciplinary violations constituted criminal acts under New Hampshire law. As a result, we cannot affirm the trial court's decision that the defendant violated the implied condition of good behavior in his deferred sentence.

Accordingly, we remand the case to the superior court for additional findings consistent with this opinion.

*Vacated and remanded.*

BRODERICK, NADEAU and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.