Hillsborough District Court
No. 2000-673

THE STATE OF NEW HAMPSHIRE

v.

RYAN AUGER

Argued: April 15, 2002
Opinion Issued: June 7, 2002

*Philip T. McLaughlin,* attorney general, *(Stephen D. Fuller,* senior assistant attorney general, and *Karen E. Huntress,* attorney, on the brief), for the State.

*Christopher M. Johnson,* chief appellate defender, of Concord *(Richard E. Samdperil,* assistant appellate defender, on the brief), for the defendant.

BROCK, C.J. This is an interlocutory transfer without ruling from the Hillsborough District Court *(Hatfield,* J.), *see* SUP. CT. R. 9, asking whether a non-criminal violation-level offense can trigger the imposition of a suspended sentence conditioned upon only the defendant's "good behavior." We respond in the negative.

"We accept the statement of the case presented in the interlocutory transfer." *Trovato v. Deveau,* 143 N.H. 523, 524 (1999). In November 1999, the defendant pleaded guilty to one count of possession of a controlled drug and one count of resisting arrest. He was sentenced to sixty days imprisonment and fined $200 on each count, all of which was deferred for six months. On June 5, 2000, the defendant's sentences were suspended for two years conditioned upon his continued good behavior. On July 21, 2000, the defendant was arrested for transporting alcoholic beverages by a minor, a violation-level offense. *See* RSA 265:81-a (1993). After pleading guilty, he was fined $300 and lost his license for sixty days. Thereafter, the State moved to impose the defendant's suspended sentences.

██ We have previously held that there is a condition of good behavior implied in both suspended and deferred sentences. *See State v. Budgett,* 146 N.H. 135, 138 (2001) (suspended sentences); *State v. Graham,* 146 N.H. 142, 144 (2001) (deferred sentences). The term "good behavior" is defined "as conduct conforming to the law" and does not include "non-criminal behavior for which the defendant must be given actual notice." *Budgett,* 146 N.H. at 139. To impose a suspended or deferred sentence on the ground that the defendant has violated the implied condition of good behavior, a trial court must find that the defendant engaged in criminal conduct. *See id.; see also State v. Palermo,* 146 N.H. 144, 146 (2001) (trial court could not impose deferred sentence based upon defendant's prison

disciplinary violations absent finding that these violations constituted criminal acts).

A suspended or deferred sentence need not expressly state that committing a crime will trigger its imposition because such a condition is "so basic and fundamental that any reasonable person would be aware of [it]." *Budgett*, 146 N.H. at 138 (quotation omitted). By contrast, a defendant must be given actual notice that engaging in non-criminal conduct could result in imposition of his sentence. *Id.* at 138-39. To satisfy due process, a suspended or deferred sentence *must* specify the types of non-criminal conduct that will trigger its imposition. *Id.* at 139. "To hold otherwise would effectively modify the terms of the original sentencing order and result in fundamental unfairness." *Id.*

These principles apply with equal force to express conditions of "good behavior." Thus, a suspended or deferred sentence expressly conditioned only upon the defendant's continued "good behavior" may not be imposed absent a finding that the defendant engaged in criminal conduct. In this case, the defendant committed a violation-level offense. As "[a] violation does not constitute a crime," *State v. Dery*, 134 N.H. 370, 377 (1991), the trial court may not impose the defendant's suspended sentences upon proof that he committed a violation-level offense. *See* RSA 625:9, II(b) (Supp. 2001).

*Remanded.*

NADEAU and DALIANIS, JJ., concurred.