Hillsborough-northern judicial district
No. 2009-024

THE STATE OF NEW HAMPSHIRE

v.

ELIZABETH FLOOD

Argued: September 23, 2009
Opinion Issued: October 30, 2009

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. The defendant, Elizabeth Flood, appeals a ruling of the Superior Court (*Abramson*, J.) denying her motion to continue a hearing to impose a suspended sentence until after the disposition of collateral criminal proceedings. We affirm.

The record supports the following. In May 2007, the defendant pled guilty to the misdemeanor of operating after suspension, RSA 263:64 (Supp. 2007) (amended 2008). The trial court sentenced the defendant to ninety days in the house of corrections, deferred for one year conditioned upon her good behavior. Near the end of the deferral period, the defendant could petition the court to show why the deferred commitment should be suspended, which she did in April 2008. The State objected to the defendant's petition and moved to impose the suspended sentence because a Derry police officer had arrested her in May 2008 for operating after being certified as a habitual offender.

At the hearing on the motion to impose sentence, the defendant moved for a continuance until the criminal charges arising from the May 2008 arrest were resolved. The trial court denied the motion, and proceeded with the hearing. The trial court heard testimony from the officer who arrested the defendant in May 2008. The defendant chose not to testify. After

hearing the evidence and arguments from counsel, the trial court imposed the suspended sentence and ordered the defendant to serve the underlying ninety days.

On appeal, the defendant contends that the trial court's denial of her motion to continue the hearing until after her criminal trial violated due process. Specifically, she asserts that the trial court's ruling unconstitutionally forced her to choose between two due process rights: her right to testify at the imposition hearing and her right to remain silent at the trial in the criminal proceeding. We disagree. We first address this argument under the State Constitution and cite federal opinions for guidance only. *State v. Ball*, 124 N.H. 226, 231-33 (1983). Because the issue before us is one of constitutional law, we review it *de novo. State v. Abram*, 156 N.H. 646, 651 (2008).

■ There is no question that a defendant has a due process right to a hearing before a court can impose a suspended or deferred sentence of incarceration. *Stapleford v. Perrin*, 122 N.H. 1083, 1088 (1982). At this hearing, the court must afford the defendant "the opportunity to be heard in person and to present witnesses and evidence." *Id.*; *see also State v. Dumont*, 145 N.H. 240, 243 (2000). By affording a defendant this opportunity, courts seek to ensure an accurate fact-finding process as well as an informed and just decision. *See Moody v. Cunningham*, 127 N.H. 550, 554 (1986); *People v. Coleman*, 533 P.2d 1024, 1031 (Cal. 1975). Nevertheless, a defendant is not compelled to testify. The decision whether to testify or to present evidence and witnesses at a hearing to impose is left to the defendant; it is a strategic choice. *See Stapleford*, 122 N.H. at 1088. At a hearing to impose, as in any criminal proceeding, the defendant has the right to remain silent. *See* N.H. CONST. pt. I, art. 15; U.S. CONST. amend. V.

■ We recognize that the decision whether to remain silent or to testify on one's own behalf becomes particularly acute when the trial court holds an imposition hearing prior to a related criminal prosecution. The defendant must weigh whether to testify and risk incrimination in the underlying criminal prosecution, or to remain silent and be exposed to an adverse decision, including imprisonment. By remaining silent, the defendant cannot personally present mitigating circumstances at the imposition hearing or personally deny committing the alleged violations. While difficult, this decision is a strategic one. This choice does not force the defendant to make an impermissible election between two constitutional rights. *See State v. Hearns*, 151 N.H. 226, 238 (2004) (noting that "[n]ot every government-imposed choice in the criminal process that discourages the exercise of constitutional rights . . . is prohibited").

Contrary to the defendant's assertion, our decision in *State v. Burgess*, 156 N.H. 746 (2008), does not dictate that a trial court's failure to continue an imposition hearing until after the resolution of the underlying criminal proceeding is a constitutional violation. In *Burgess*, we held that the sentencing court could not consider a defendant's silence at sentencing as a factor signifying lack of remorse when the defendant had maintained his innocence throughout the criminal process. *Burgess*, 156 N.H. at 757-58, 760. Here, there is no presumption attendant upon the defendant's silence at the imposition hearing. *Burgess* is inapposite. Similarly, our decision in *State v. Williams*, 115 N.H. 437 (1975), to grant immunity to a defendant for his testimony at a bail hearing does not constitutionally require a trial court to continue an imposition hearing. *Williams*, 115 N.H. at 442-43. That decision was based upon public policy, specifically to insure the defendant's appearance at future court proceedings and to avoid unnecessary deprivations of liberty. *Id.* at 443.

The strategic choice the defendant faces here is similar to the decision a defendant must make whether to testify or remain silent at a probable cause hearing. In *Williams*, we held that a defendant's testimony at a probable cause hearing was admissible at a subsequent trial because a defendant is under no constitutional compulsion to testify at the probable cause hearing. *Id.* at 442 ("Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token forbid requiring him to choose.").

■ Indeed, no court that has recently addressed this issue has found the tension between one's right to testify at an imposition or revocation hearing and one's right to remain silent to be of constitutional magnitude or import. *See, e.g., Coleman*, 533 P.2d at 1030; *Dail v. State*, 610 P.2d 1193, 1194 (Nev. 1980); *State v. Wahlert*, 379 N.W.2d 10, 13 (Iowa 1985). For example, in *Wahlert*, the Iowa Supreme Court held that "the disposition of a criminal prosecution prior to a probation revocation hearing is not constitutionally mandated and a continuance in the present case was not constitutionally necessary." *Wahlert*, 379 N.W.2d at 13. The Iowa Supreme Court also reasoned that public policy considerations may advise against continuing an imposition hearing until after resolution of the underlying charges. *Id.* at 14. A deferred sentence or probation is a conditional grant of liberty that is subject to deprivation; it is not a right. *See Stapleford*, 122 N.H. at 1088. If a defendant violates his or her conditional liberty, society has an interest in the prompt determination of the issue because the "defendant may pose a danger if left at liberty." *Wahlert*, 379 N.W.2d at 14.

At most, several jurisdictions have held that the practice of holding a revocation or imposition proceeding prior to the disposition of the related

criminal charges adversely affects the public "policies underlying the privilege against self-incrimination." *Coleman*, 533 P.2d at 1032. These courts have employed their supervisory powers to create a judicial rule excluding at trial testimony that the defendant has given in an earlier probation revocation hearing. *Id.* at 1042; *McCracken v. Corey*, 612 P.2d 990, 997-98 (Alaska 1980); *People v. Rocha*, 272 N.W.2d 699, 706-07 (Mich. Ct. App. 1978); *State v. DeLomba*, 370 A.2d 1273, 1275-77 (R.I. 1977); *State v. Begins*, 514 A.2d 719, 721-23 (Vt. 1986); *State v. Evans*, 252 N.W.2d 664, 668-69 (Wis. 1977). This exclusionary rule takes two forms. California grants the defendant who chooses to testify at a probation hearing use immunity. *See Coleman*, 533 P.2d at 1041-42. The defendant's testimony or any evidence derived from this testimony may not be used against the defendant except for impeachment or rebuttal purposes. *Id.* Vermont holds that the defendant's testimony and its fruits may never be used against the defendant except in a prosecution of the defendant for perjury for that testimony. *Begins*, 514 A.2d at 723. Neither of these exclusionary rules is based upon a constitutional prohibition against using testimony from a probation or revocation hearing in a later criminal trial.

The defendant, here, advances only a constitutional argument. She did not preserve an argument based upon public policy at the trial court level and, therefore, we do not decide today whether public policy would dictate a grant of use immunity. We do note that a trial court cannot grant use immunity *sua sponte* under the immunity statutes; the power to give use immunity lies with the State. *See, e.g., State v. Rogers*, 159 N.H. 50, 57 (2009). Nothing herein, however, prevents a trial court from continuing an imposition hearing until after the resolution of the underlying criminal prosecution in a proper case. *See Flint v. Mullen*, 499 F.2d 100, 105 (1st Cir.) (finding that it would have been preferable to have held the supervised release violation hearing after the criminal trial but holding that this result was not constitutionally required), *cert. denied*, 419 U.S. 1026 (1974).

Nevertheless, for constitutional purposes, all that matters is whether the defendant had the option to testify at her imposition hearing. Here, she did. Even though she chose not to testify, she retained her rights to cross-examine the State's witnesses and to present evidence and witnesses in her own defense. *See Stapleford*, 122 N.H. at 1088. Moreover, the State still maintained the burden of proving that the defendant violated the terms of her conditional freedom by a preponderance of the evidence. *See id.* at 1089; *see also State v. Gibbs*, 157 N.H. 538, 542 (2008). While easier to meet than the standard of beyond a reasonable doubt that applies in criminal cases, this standard did not compel or require the defendant to testify or face certain imposition of her deferred sentence. Accordingly, we hold that

the trial court did not violate the defendant's due process rights by failing to continue the imposition hearing until after the criminal prosecution.

The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances. *See Flint*, 499 F.2d at 105; *Hearns*, 151 N.H. at 238; *Stapleford*, 122 N.H. at 1088; *Williams*, 115 N.H. at 442. Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.