**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2684
_____

UNITED STATES

v.

JONATHAN COBB,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:09-cr-0733-001)
District Judge: Hon. Alan N. Bloch

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 9, 2017

_____

Before:  McKEE, RENDELL, and FUENTES, *Circuit Judges*.

(Opinion filed: June 2, 2017)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Jonathan Cobb appeals the district court's amended judgment sentencing him to 180 months' imprisonment. For the reasons below, we will affirm the judgment of the district court.

## I[1]

When a defendant fails to object at the time of sentencing, we review a procedural challenge to the sentence for plain error.[2] A plain error is a clear and obvious error that affects substantial rights.[3] An appellate court should only exercise its discretion to correct a plain error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[4] Challenges to the substantive reasonableness of a sentence are reviewed for an abuse of discretion, regardless of whether they fall inside or outside of the guideline range.[5] An abuse of discretion occurs when a district court bases its decision on "a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact."[6]

Cobb argues that his sentence is both procedurally and substantively unreasonable because the district court failed to neutralize the taint of the ineffective assistance of

---

[1] We write only for the parties in this non-precedential opinion, so our factual recitation is brief.

[2] *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc).

[3] Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993).

[4] *Olano*, 507 U.S. at 732 (alteration in original) (citation and internal quotation marks omitted).

[5] *Gall v. United States*, 552 U.S. 38, 51 (2007).

[6] *Pardini v. Allegheny Intermediate Unit*, 524 F.3d 419, 422 (3d Cir. 2008) (citation and internal quotation marks omitted).

counsel Cobb received as required under *Lafler v. Cooper*.[7] First, Cobb asserts that the district court accepted the government's claim that an 851 Notice would have been filed even if Cobb had pled guilty, and that the court failed to consider circumstantial evidence that indicated otherwise. Although it is clear that the district court accepted the government's representations about the 851 Notice, it only did so after Cobb's counsel conceded during the February 10, 2016 relief hearing that there was no direct evidence that would have contradicted the representations of the Assistant United States Attorneys involved.[8] Given the absence of contradictory evidence, Cobb's attorney did not object when the district court found that the 851 Notice would have been filed whether or not Cobb would have exercised his right to trial.[9] As the 851 Notice issue was settled by the time of Cobb's resentencing hearing, it was not procedurally unreasonable for the district court to fail to revisit the issue.

Cobb further argues that the district court erred in re-invoking the same 78% variance Cobb had received on his original sentence. He claims that the reasons for that original upward variance did not apply to the resentencing. Cobb claims that the justifications given by the district court for the original upward variance, which included information from Cobb's trial, were not relevant for resentencing purposes. An analysis of the resentencing transcript, however, shows that the district judge chose the 78% variance based on the seriousness of Cobb's crimes, the importance of deterrence, and

---

[7] *Lafler v. Cooper*, 566 U.S. 156, 170 (2012).
[8] App. 118.
[9] App. 120.

Cobb's extensive criminal record.[10] Those factors had not changed since Cobb's original sentencing, and it was therefore not unreasonable for the court to again impose a 78% variance. Additionally, despite Cobb's assertion that the district court incorrectly supplemented the reasoning behind Cobb's sentence with "unspecified trial evidence,"[11] *Lafler* clearly indicates that the court need not disregard what occurred at trial when attempting to neutralize the taint of ineffective assistance of counsel.[12]

Finally, Cobb argues that the district court gave "no meaningful consideration to the arguments and evidence" his attorney presented during the resentencing hearing.[13] However, the district court need not explicitly address every argument made by the litigant or make specific findings about each of the § 3553(a) factors.[14] An examination of the resentencing transcript reveals that the district court stated that it intended to give "full credit" to Cobb's behavior and accomplishments in prison by reducing his sentence from 288 to 180 months.[15] Though the resulting sentence is still significant, the reduction is also quite significant. Moreover, the district court specifically referred to several of the § 3553(a) factors during Cobb's resentencing, including the seriousness of the offense,

---

[10] App. 181-83.
[11] Appellant Br. at 3.
[12] *Lafler*, 566 U.S. at 171-72.
[13] Appellant Br. at 22.
[14] *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).
[15] App. 183-84.

adequate deterrence to others, and protection of the public.[16] Therefore, we find that there were no procedural defects in the district court's resentencing of Cobb.

## II

In *United States v. Tomko*, we held that a sentence that is procedurally sound will not be considered substantively unreasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[17] Cobb's resentencing resulted in a reduced sentence of 180 months, 108 months fewer than his original sentence. A consideration of the substantive reasonableness of a sentence under an abuse of discretion standard "gives district courts broad latitude in sentencing."[18] The second sentence was clearly not substantively unreasonable under that standard.

## III

For the aforementioned reasons, we will affirm the judgment of the district court.

---

[16] App. 181-82.
[17] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).
[18] *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008) (footnote omitted).