NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Grafton
No. 2017-0687

THE STATE OF NEW HAMPSHIRE

v.

LARYSSA J. BENNER

Argued: February 20, 2019
Opinion Issued: May 17, 2019

Gordon J. MacDonald, attorney general (Stephen D. Fuller, senior assistant attorney general, on the memorandum of law and orally), for the State.

Eric S. Wolpin, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

LYNN, C.J. The defendant, Laryssa J. Benner, appeals a decision of the Superior Court (Bornstein, J.) imposing her deferred sentence. On appeal, she argues that the procedures employed by the trial court in imposing her sentence violated her due process rights under the State Constitution, and that the court further erred in finding that there was sufficient evidence that she violated certain conditions of her deferred sentence. We affirm.

The record reveals the following facts. On May 13, 2015, the defendant was sentenced to 12 months in the house of corrections for misdemeanor theft

by deception. See RSA 637:4 (2016). The sentence was deferred for two years with the trial court retaining "jurisdiction up to and after the deferred period to impose or terminate the sentence." The sentencing order further provided that:

> Thirty (30) days prior to the expiration of the deferred period, the defendant may petition the Court to show cause why the deferred commitment period should not be imposed. Failure to petition within the prescribed time will result in the immediate issuance of a warrant for the defendant's arrest.

The defendant was ordered to be of good behavior, undergo a drug and alcohol abuse evaluation within 90 days of sentencing, "abide by all treatment recommendations" provided by the counselor, and pay restitution in the amount of $63.00.

On May 12, 2017, the deferred period of the defendant's sentence expired. The defendant, however, did not petition the court as provided by the sentencing order, and the State did not move to impose the sentence. On May 18, 2017, pursuant to the terms of the sentencing order, the court issued a warrant for the defendant's arrest. The defendant was arrested on the warrant in October 2017.

Following her arrest, the defendant moved to close the case, arguing that the trial court "lack[ed] authority to impose the deferred sentence" because "a motion to impose was not filed in a timely fashion." The State objected, asserting that, based on the language of the sentencing order, the State bore no burden following the expiration of the deferred period because the order "clearly places the burden on the defendant to move for a show cause hearing" to establish whether the sentence should be imposed.

At the October 30 hearing, the trial court agreed with the State's position, noting that "[a] deferred sentence is different" because it will "be imposed unless the [d]efendant petitions in a timely manner and shows cause why the deferred commitment should not be imposed." In response to the court's decision, the defendant orally moved to terminate the sentence, but presented no evidence. Instead, the defendant took the position that merely failing to file the petition was not enough to impose the sentence, and argued that the sentence should terminate because imposition would not further the goals of sentencing given that she was then on probation in Vermont and being monitored by a bracelet. According to the defendant, the sentence could only be imposed if the State proved the conduct that was the basis for the imposition. Although the court made clear that the State bore no burden of proof, it permitted the State "to make a record" and call the defendant's sister to testify. The court reiterated, however, that even "if there was no evidence [it] could still impose the sentence unless the [d]efendant shows cause why the deferred commitment should not be imposed." Over the defendant's objections,

2

the sister testified that the defendant pleaded guilty to charges in Vermont four weeks earlier and had not completed a drug treatment program. Specifically, the sister testified that the defendant told her that she was let out of her initial drug treatment program at Brattleboro College because her insurance expired, and also that she was informed by treatment providers that the defendant had recently been kicked out of a different program. As to the defendant's conviction in Vermont, while the sister testified that she could not "exactly" remember the specific date of the underlying acts, she testified that they occurred in late 2015 and early 2016. According to the sister, she provided her copy of the Vermont conviction paperwork to the defendant prior to the hearing because she and the defendant "got into an argument [that morning] and [the sister] ripped" the defendant's copy in half. The defendant, in turn, provided the copy to trial counsel, who then showed it to the State prior to the hearing. The sister further explained that the defendant was aware of the warrant for her arrest, but did not turn herself in because "she was worried that the deferred sentence was going to be imposed" and wanted to get her affairs in order.

At the conclusion of the hearing, the court asked the defendant's counsel whether the defendant "was surprised by any of the testimony [the sister] just" provided, to which trial counsel answered "no." Thereafter, the court ruled that the defendant had "not shown any cause why the deferred commitment should not be imposed," and thus imposed the sentence. The court clarified that it did not base its decision on the fact that the defendant did not file a petition at the end of the deferred period because doing so would not be proper grounds for imposing the sentence. Rather, the court reasoned that the burden was on the defendant to establish good cause why the sentence should not be imposed, and that she had failed to meet this burden. As a second, independent ground for its decision, the court found, based on the sister's testimony, that the defendant failed to comply with the conditions of her sentence. This appeal followed.

The defendant argues that the trial court violated her due process rights by placing the burden upon her to show good cause why the sentence should not be imposed. According to the defendant, the State bore the burden of proof to establish the basis for imposing the deferred sentence, and also was required to provide her with pre-hearing notice and discovery, including, among other things, a witness list, witness statements, and the alleged grounds for the violation. It follows, in the defendant's view, that the State's failure to meet these obligations deprived her of a hearing that comported with the requirements of due process under our State Constitution. Because the defendant's due process argument is grounded solely upon the State Constitution, "we base our decision upon it alone, citing federal cases for guidance only." Bleiler v. Chief, Dover Police Dep't, 155 N.H. 693, 696 (2007). We review such constitutional questions de novo. State v. Abram, 156 N.H. 646, 651 (2008).

In general, "[t]rial judges are vested with broad discretionary powers with regard to sentencing." State v. Van Winkle, 160 N.H. 337, 340 (2010) (quotation omitted). Sentencing is "the process in which rehabilitation, deterrence, and punishment converge, and where the sentencing court, directed by the Criminal Code and common law, hands down society's punishment upon a defendant for his or her crime." State v. Rothe, 142 N.H. 483, 484 (1997). "Due process requires that the court inform the defendant at the time of sentencing in plain and certain terms what punishment it is exacting as well as the extent to which the court retains discretion to impose punishment at a later date and under what conditions the sentence may be modified." Id. (quotation omitted).

Here, the defendant's sentence was deferred for two years subject to certain conditions being met. Although not explicitly authorized by statute, as are suspended sentences, see RSA 651:20 (2016), deferred sentences are impliedly accepted by the legislature, see State v. Almodovar, 158 N.H. 548, 550 (2009). Where a sentence is deferred, the trial court retains jurisdiction over the defendant, and may "impose the sentence in a timely fashion . . . following the expiration of the deferral . . . period." Id. at 553 (quotation and citation omitted). In light of this power, "the defendant has been afforded liberty, albeit conditional, which may not be revoked without due process." Id. at 553-54 (quotation omitted).

Dealing first with the burden of proof, we note that there is a disparity between our case law addressing this issue and the language of the sentencing order. See State v. DiMaggio, 163 N.H. 497, 501 (2012) (noting that sentencing orders are interpreted based on their plain meaning). On its face, the sentencing order seems to place the burden of proof on the defendant to show compliance with the terms of the sentence at the end of the deferral period. Cf., e.g., 2A Richard B. McNamara, New Hampshire Practice Series: Criminal Practice and Procedure § 33.38, at 235-36 (2017) (noting that "[i]f a judge is willing to entertain a deferred sentence, the court will order that the defendant may come before the court at the expiration of the time of deferral to petition for the suspension of the sentence," and if "a hearing is held, the defendant bears the burden of showing the sentence should be suspended"). In contrast, for suspended sentences, the sentencing order typically makes clear that the sentence may be "imposed after [a] hearing at the request of the State," and makes no mention of any obligation placed on the defendant to bring the matter before the court. Thus, it appears that deferred sentences, on the one hand, and suspended sentences, on the other, are designed to provide the trial judge with "distinct sentencing options with differing procedures for imposition." State v. Graham, 146 N.H. 142, 144 (2001).

Yet, when we have addressed issues involving deferred sentences, we have on more than one occasion recited language drawn from the suspended sentence and/or probation violation context indicating that the burden is on

4

the State to prove by a preponderance of the evidence that violation of a condition of the sentence occurred.  See State v. Kelly, 159 N.H. 390, 391, 393 (2009) (noting burden in both suspended sentence and probation violation contexts where issue was whether non-final conviction was sufficient to impose deferred sentence); State v. Flood, 159 N.H. 353, 357-58 (2009) (referring to burden in suspended sentence context when deciding whether a denial of a continuance of a hearing on imposition of the defendant's deferred sentence violated his right to remain silent).[1]  We need not resolve this potential conflict today because the State neither disputes that it bears the burden of proof, nor asks us to revisit our decisions in Kelly or Flood.  Thus, we decide this case based on the view that the State bore the burden of establishing that the defendant did not comply with the terms of her deferred sentence.

The defendant's claim that the procedures employed by the trial court violated due process is belied by the record.  In Stapleford v. Perrin, 122 N.H. 1083 (1982), we held that whenever the trial court "retains the power to impose incarceration [on the defendant] at a later time," the defendant must be afforded due process protections before the imposition may occur.  Stapleford, 122 N.H. at 1088.  In order to comply with due process:

> the record must show that the following procedures have been afforded: (1) written notice of the conduct which triggers the sought-after incarceration; (2) disclosure to the defendant of the evidence against him; (3) the opportunity to be heard in person and to present witnesses and evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a statement in the record by the court indicating in substance the evidence relied upon and the reasons for imposing commitment; and (6) representation by counsel, to be appointed by the court if the defendant is indigent.

Id.  On appeal, the defendant challenges only the notice and disclosure requirements.  To start, we note that the hearing was precipitated by the defendant's failure to petition the court prior to the end of the deferral period.  The sentencing order plainly stated that arrest would occur if the defendant failed to file a petition for non-imposition of the sentence.  "Thus, based upon the plain language of the sentencing order[ ], the defendant had notice" that her failure to act would result in her being involuntarily taken into custody and brought before the court.  Almodovar, 158 N.H. at 551 (noting that the plain language of the sentencing order put the defendant on notice that after five years of probation, he could be incarcerated for failing to petition).

---

[1] We note that, in Flood, we used the terms "deferred" and "suspended" interchangeably when referring to the defendant's sentence, see Flood, 159 N.H. at 354-55, although we have explicitly noted in the past that the two modes of sentencing are distinct, see Graham, 146 N.H. at 143-44.

The sentencing order explicitly stated that a condition of the deferred sentence was that the defendant remain of good behavior. "Good behavior" simply means "conduct conforming to the law." State v. Auger, 147 N.H. 752, 753 (2002) (quotation omitted). As we have explained, "it would be illogical and unreasonable to conclude that a defendant who has been granted conditional liberty, needs to be given an express[ ] warning that if he commits a crime, he will lose the privilege of that liberty," because a "condition that a person may not commit a crime, is so basic and fundamental that any reasonable person would be aware of such condition." Graham, 146 N.H. at 144 (quotation, brackets, and ellipsis omitted). In addition, the sentencing order specifies the particular non-criminal conduct — completing a drug treatment program[2] — that, if not complied with, could form the basis of imposition. See Auger, 147 N.H. at 754 ("To satisfy due process, a . . . deferred sentence must specify the types of non-criminal conduct that will trigger its imposition."). Thus, at the beginning of the deferral period, the defendant was placed on notice that if she committed a crime or failed to complete the specific conditions provided therein, her deferred sentence could be imposed.

Additionally, the defendant has failed to establish that she was prejudiced by the State's failure to provide her with advance notice of the evidence it relied upon at the hearing. See Barnet v. Warden, N.H. State Prison for Women, 159 N.H. 465, 469 (2009) (holding that the defendant's assertion of inadequate notice during parole revocation process did not rise to a due process violation without a demonstration that she was prejudiced by the claimed defect); State v. Graf, 143 N.H. 294, 302 (1999) (noting that we assess due process claims under the principles of fundamental fairness, meaning that a violation will occur when the procedure employed "gives a party a significant advantage or places a party in a position of prejudice or allows a party to reap the benefit of his own behavior in placing his opponent at an unmerited and misleading disadvantage" (quotation omitted)).

According to the defendant's own admission on the record, the evidence utilized by the State was not a surprise. Importantly, the record shows that, prior to the hearing, the defendant had the documents from her Vermont conviction, and that she was also provided with another copy of those documents by her sister — a copy of which the defendant then provided to her counsel before the hearing began. Stapleford requires only that the record show that the evidence against the defendant was disclosed; it does not mandate that it be disclosed at a specific point in time. Stapleford, 122 N.H. at 1088. Furthermore, through counsel, the defendant was able to cross-examine her sister about the Vermont conviction. In so doing, she did not dispute the existence of the conviction; instead, she chose to elicit testimony regarding the specific sentencing conditions imposed by the Vermont court, as a basis for

---

[2] At the hearing before the trial court, the State indicated that the defendant had complied with the condition that she pay the imposed restitution.

arguing that imposing the deferred sentence would not further the goals of sentencing. We also note that the defendant never articulated to the trial court any specific manner in which she was prejudiced. Indeed, neither in a motion for reconsideration addressed to the trial court, nor in her appeal to this court, does the defendant suggest what she would have or could have done differently if she had received earlier notice of the evidence the State intended to present at the hearing. See Barnet, 159 N.H. at 470 (explaining that a showing of actual prejudice is required); State v. Giordano, 138 N.H. 90, 96 (1993) (noting that "[m]ore than mere speculation as to . . . prejudice . . . is necessary to constitute a due process violation"). In sum, on the record before us, we hold that the defendant has failed to show that her due process rights were violated under the State Constitution.

The defendant next argues that there was insufficient evidence for the trial court to conclude that the good behavior and drug treatment provisions of her sentence were violated. "In order to prevail on appeal, the defendant must show that the evidence, viewed in the light most favorable to the State, fails to support the trial court's decision." State v. Kay, 162 N.H. 237, 244 (2011). "Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is de novo." Id. at 243.

According to the defendant, the State failed to present sufficient evidence of the specific dates when the Vermont conduct occurred. "A deferred sentence may be imposed upon proof by a preponderance of the evidence of a violation of the condition upon which the sentence was deferred." Kelly, 159 N.H. at 391. To establish a violation of the condition of good behavior, the State must prove "either . . . the fact of a criminal conviction for the acts which constitute the violation or . . . the commission of the underlying acts." Id. (quotation omitted). The defendant was sentenced in New Hampshire on May 13, 2015. Thus, beginning on that date, the defendant was required to be of good behavior. Almodovar, 158 N.H. at 550-51 (noting that a "deferred sentence begins to run on the date the sentence is pronounced . . . because the defendant must immediately comply with the implied condition of good behavior inherent in a deferred sentence"). Although the defendant is correct that her sister could not specifically state when the particular acts underlying the Vermont charges occurred, she testified that they took place at the end of 2015 and the beginning of 2016, i.e., after the sentence was issued and during the deferral period. Indeed, the trial court noted that "the only evidence" before it was that the said acts occurred in late 2015 and the beginning of 2016. When viewed in the light most favorable to the State, we conclude that this evidence supports the trial court's conclusion. Kay, 162 N.H. at 244.

Nor do we agree with the defendant that the trial court was required to inquire whether the defendant pleaded guilty to the Vermont charges while represented by counsel. The cases relied upon by the defendant concern introduction of prior convictions in a criminal trial for impeachment purposes.

7

See State v. Robinson, 123 N.H. 532, 535 (1983); State v. Staples, 120 N.H. 278, 283 (1980). We have never required such a rigid inquiry in matters dealing with the imposition of a previously deferred or suspended sentence. Rather, we have explained that the "fact-finding process should be flexible," Moody v. Cunningham, 127 N.H. 550, 555 (1986), because "the only inquiry is usually whether the defendant has been of good behavior or has in some way violated the terms of his freedom," and "not to establish criminal liability," Stapleford, 122 N.H. at 1089. In fact, we have held that a non-final conviction subject to a pending appeal was sufficient for the court to conclude that a defendant violated the good behavior provision. See Kelly, 159 N.H. at 391-93. Accordingly, the trial court did not err in failing to inquire as to whether the defendant was represented by counsel during her guilty plea in Vermont.

Finally, the defendant argues that the court plainly erred in finding sufficient evidence that she violated the good behavior and treatment provisions of her sentence because there is no evidence in the record establishing that what she pleaded guilty to was a crime, as opposed to a violation, see Auger, 147 N.H. at 754, or that she failed to comply with the treatment provisions. "To find plain error: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." State v. Houghton, 168 N.H. 269, 273 (2015) (quotation omitted).

With respect to the good behavior condition, we need proceed no further than the first step of the inquiry because there was no error. Both trial counsel for the defendant, and the defendant's sister stated, on the record, that the defendant was placed on probation in the Vermont case. In Vermont, "[p]robation means a procedure under which a respondent, found guilty of a crime upon verdict or plea, is released by the court, without confinement, subject to conditions imposed by the court and subject to the supervision of the commissioner." 28 V.S.A. § 201 (2018) (emphasis added); see State v. Bensh, 719 A.2d 1155, 1156 (Vt. 1998). Thus, the mere fact that the defendant was on probation establishes that she had committed a crime and not a violation-level offense. Cf. Auger, 147 N.H. at 754 (holding that imposition of suspended sentence was improper where the defendant committed a violation-level offense).

The record is slightly less clear with respect to the issue of the defendant's compliance with the treatment condition of her sentence. Her sister testified not only that the defendant told her that she failed to complete the drug treatment program at Brattleboro College because her insurance expired, but also explained that she was informed by treatment providers that the defendant had recently been kicked out of a program. Although we agree with the defendant that the latter portion of this testimony (what the treatment provider told the sister) could have been hearsay, the court nonetheless was

8

entitled to consider such testimony because the rules of evidence do not apply to hearings of this kind.  <u>See</u> <u>N.H. R. Ev</u>. 1101(d).  The matter is complicated, however, by the fact that the court explained at the hearing that it would not consider hearsay statements for their truth.  We assume that the trial court adhered to this restriction.  Nonetheless, the court could sustainably have found that the defendant violated the drug treatment provisions based solely on the fact that the defendant did not complete the first program at Brattleboro College.  The court was not required to credit the explanation the defendant provided to her sister, <u>i.e.</u>, that her failure to complete the program was due to a lapse in insurance, particularly since the defendant never advised the court or the State about the claimed insurance problem prior to the hearing.  <u>See</u> <u>State v. Livingston</u>, 153 N.H. 399, 402 (2006) (observing that credibility determinations are within the province of the trial court).  Moreover, as recounted above, the court could have imposed the entire sentence based upon the defendant's criminal conviction in Vermont.

Accordingly, we hold that the trial court did not err in imposing the defendant's sentence.

<u>Affirmed</u>.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.