NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Belknap
No. 2020-0595

THE STATE OF NEW HAMPSHIRE

v.

KEITH C. FITZGERALD

Submitted: December 14, 2021
Opinion Issued: January 11, 2022

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Gregory M. Albert, assistant attorney general, on the brief), for the State.

Sheehan Phinney Bass & Green, P.A., of Manchester (Michael D. Ramsdell on the brief), for the defendant.

HICKS, J. The defendant, Keith C. Fitzgerald, appeals an order of the Superior Court (O'Neill, J.) sentencing him, on remand, to nine and one-half to twenty-five years in prison. See State v. Fitzgerald, 173 N.H. 564, 583-84 (2020) (remanding for resentencing). On appeal, the defendant argues that the trial court: (1) unsustainably exercised its discretion and committed an error of law by re-imposing the same sentence that it had imposed previously; and (2) violated his state and federal constitutional rights to due process by relying

upon improper information and failing to set forth, in detail, the basis for its sentencing decision. We affirm.

I. Background

In 2015, the defendant was indicted on five counts of theft by unauthorized taking in violation of RSA 637:3 (2016). Id. at 569. His jury trial took place in 2017 in Superior Court (Smukler, J.). At trial, the jury heard evidence that the defendant made several transactions using his father's assets without consulting his father or the defendant's siblings, and that, after obtaining his father's durable power of attorney, he transferred his father's assets from accounts and trusts in his father's name to accounts only in the defendant's name. Id. at 570-71. At the conclusion of trial, pursuant to the sentence enhancement contained in RSA 651:6, the jury was instructed to determine whether the defendant's father was 65 years or older and whether the defendant, in perpetrating a crime under RSA 637:3, intended to take advantage of his father's age. Id. at 571. The jury returned guilty verdicts on all five charges and specifically found that the State had proven the sentence enhancement factors beyond a reasonable doubt. Id. The court subsequently sentenced the defendant to a term of no less than nine and one-half years and no more than twenty-five years in the New Hampshire State Prison. Id.

The defendant appealed his convictions, and we affirmed them in a non-precedential order in 2018. Thereafter, the defendant filed a motion for a new trial based upon ineffective assistance of counsel. Id. at 569. The Superior Court (Smukler, J.) denied the motion, and the defendant appealed the denial. Id.

On appeal, the defendant argued that his trial counsel had been ineffective in advising him as to the merits of the State's plea offer and his exposure to the sentencing enhancement. See id. at 575. Under the plea offer, the defendant would serve two years in the Belknap County House of Corrections, followed by two years on administrative home confinement, and he would have a four-to-ten-year suspended sentence "with a window of ten years after completion of his final year of home confinement." Id. at 570.

With regard to the performance prong of the ineffective assistance of counsel test set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), we determined that the defendant's trial counsel failed to "adequately advise [him] about the applicable sentence enhancement and the merits of the State's plea offer relative to [his] likelihood of success at trial," and, thus, his performance fell below an objective standard of reasonableness. Id. at 576.

As to the prejudice prong, we adopted the Supreme Court's approach in Lafler v. Cooper, 566 U.S. 156, 163-64 (2012). Id. Under that approach, to demonstrate prejudice when the ineffective assistance has resulted in a

defendant's rejection of a plea, the defendant must show that, but for his counsel's ineffective advice, "there is a reasonable probability that: (1) 'the plea offer would have been presented to the court . . . '; (2) 'the court would have accepted its terms'; and (3) 'the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.'" Id. at 577 (quoting Lafler, 566 U.S. at 164). We concluded that the defendant demonstrated prejudice under the Lafler test. Id. at 577-81.

We then discussed the proper remedy. Id. at 581-84. We again adopted the Supreme Court's approach in Lafler:

> In Lafler, the Supreme Court stated that the "injury suffered by defendants who decline a plea offer as a result of ineffective assistance of counsel and then receive a greater sentence as a result of trial can come in at least one of two forms." [Lafler, 566 U.S. at 170.] In some cases, typically when the charges that would have been admitted as part of the plea bargain are the same as the charges the defendant was convicted of after trial, "the sole advantage a defendant would have received under the plea is a lesser sentence." Id. at 170-71. "In this situation the court may conduct an evidentiary hearing to determine whether the defendant has shown a reasonable probability that but for counsel's errors he would have accepted the plea." Id. at 171. "If the showing is made, the court may exercise discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between." Id.
>
> In some cases, for example, where an offer was for a guilty plea to a count or counts less serious than the ones for which a defendant was convicted at trial, or if a mandatory sentence confines a judge's sentencing discretion after trial, resentencing alone may not provide full redress for the constitutional injury. Id. "In these circumstances, the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal." Id. "Once this has occurred, the judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed." Id.
>
> "In implementing a remedy in both of these situations, the trial court must weigh various factors; and the boundaries of proper discretion need not be defined here." Id. In Lafler, the Supreme Court provided two guiding considerations that the Court deemed to be of relevance: first, "a court may take account of a defendant's

3

earlier expressed willingness, or unwillingness, to accept responsibility for his or her actions"; and second, it is not necessary here to decide as a constitutional rule that the court is required to disregard "any information concerning the crime that was discovered after the plea offer was made." Id. at 171-72.

Fitzgerald, 173 N.H. at 581-82 (footnote omitted).

We explained that the defendant acknowledged that the sole advantage that he would have received under the rejected plea was a lesser sentence. Id. at 582. In light of that acknowledgement, we remanded to the trial court to allow it to "exercise [its] discretion in determining whether to resentence the defendant to either the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between." Id. at 583-84. We explained that, in exercising that discretion, the trial court need not hold an evidentiary hearing to determine whether there was a reasonable probability that but for counsel's errors the defendant would have accepted the plea, because we had already made that determination. Id. at 582-83. The defendant did not ask us to reconsider our decision.

On remand, the defendant asked that the trial court impose a sentence that was as close to the sentence offered in the rejected plea as possible, and the State asked the trial court to impose the same sentence that it had previously imposed. After holding a sentencing hearing over two days, the trial court adopted the State's recommendation, stating that its sentence was based upon its "review of the charges and convictions involving the Defendant, the applicable law, including the [remand order], and the pleadings and arguments made by respective counsel." The defendant unsuccessfully moved for reconsideration, and this appeal followed.

II. Analysis

Generally, "trial judges are vested with broad discretionary powers with regard to sentencing." State v. Benner, 172 N.H. 194, 198 (2019) (quotation and brackets omitted). The trial court's discretion extends to determining the evidence to be considered at a sentencing hearing. State v. Castine, 172 N.H. 562, 567 (2019). We generally review a trial court's sentencing decision under our unsustainable exercise of discretion standard. Id. However, to the extent that the defendant argues that the sentencing decision violated his constitutional rights, we review that claim de novo. See State v. Willey, 163 N.H. 532, 541 (2012).

A. Decision to Re-Impose Same Sentence

On appeal, the defendant first argues that the trial court unsustainably exercised its discretion and committed an error of law when it declined to

4

impose a sentence that most closely approximated the sentence in the plea offer and, instead, imposed the same sentence that it had previously imposed. The defendant asserts that the re-imposed sentence failed to neutralize the taint of the ineffective assistance of counsel and place him in the same position he would have been had there been no violation of the right to counsel. He argues that, in this way, the trial court failed to comply with the remand instructions in Fitzgerald.

As a general proposition, a trial court is bound by the mandate of an appellate court on remand. State v. Abram, 156 N.H. 646, 650 (2008). "[I]n ascertaining what the mandate commands, the trial court need not read the mandate in a vacuum, but rather has the opinion of the appellate court to aid it." Id. (quotation and brackets omitted). "In this way, the trial court may examine the rationale of an appellate opinion in order to discern the meaning of language in the court's mandate." Id. (quotation and brackets omitted). Thus, the trial court proceedings on remand must be in accord "with both the mandate of the appellate court and the result contemplated in the appellate opinion." Id. (quotation omitted).

Here, we expressly instructed the trial court that it had the discretion to impose "the term of imprisonment the government offered in the plea, the sentence [the defendant] received at trial, or something in between." Fitzgerald, 173 N.H. at 583-84. As the defendant acknowledges, we specifically declined to define the boundaries of the trial court's exercise of discretion, leaving "open to the trial court how best to exercise that discretion in all the circumstances of the case before it." Id. at 582-83. Although we explained that, on resentencing, the trial court would have to "weigh various factors," we did not delineate those factors or in any way limit the factors that the trial court could consider. Id. at 582 (quotation omitted). Nor did we limit the information upon which the court could rely. See id. at 582-84. In short, our opinion "neither expressly nor implicitly barred the trial court" from imposing the same sentence on the defendant that it originally had imposed. Abram, 156 N.H. at 651. Therefore, the trial court's decision on remand to re-impose its original sentence was consistent with both the mandate in Fitzgerald and the result contemplated therein. See id. at 650.

### B. Due Process

The defendant next argues that the trial court violated his state and federal constitutional due process rights because it improperly considered information other than that which ordinarily would have been available between the plea offer and sentence and because it failed to explain, in detail, the basis for its sentence. See N.H. CONST. pt. I, art. 15; U.S. CONST. amends. V, XIV.

5

### 1. Information Considered

"[S]entencing judges exercise a wide discretion in the types of evidence they may consider when imposing sentence . . . ." Pepper v. United States, 562 U.S. 476, 480 (2011) (quotation omitted). "[A]s a general proposition, a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." Witte v. United States, 515 U.S. 389, 398 (1995) (quotations omitted). Nonetheless, "there are constitutional limitations on the generally broad scope of information a court may consider at sentencing." United States v. Nichols, 438 F.3d 437, 440 (4th Cir. 2006) (quotation, brackets, and ellipsis omitted). For example, in United States v. Tucker, 404 U.S. 443, 447-49 (1972), the Supreme Court ruled that a sentencing judge may not consider "a defendant's prior felony convictions that had been obtained without affording [him] the right to counsel," Nichols, 438 F.3d at 440.

The defendant argues that: (1) under Lafler and Fitzgerald, a "resentencing court should consider only that information that ordinarily would have been discovered between the acceptance of the plea offer and sentencing"; (2) here, the trial court must have considered other information; and (3) its doing so violated his federal and state constitutional rights to due process. In so arguing, he relies upon the following language from Lafler, which we partially quoted in Fitzgerald:

> Principles elaborated over time in decisions of state and federal courts, and in statutes and rules, will serve to give more complete guidance as to the factors that should bear upon the exercise of the judge's discretion. At this point, however, it suffices to note two considerations that are of relevance.

> First, a court may take account of a defendant's earlier expressed willingness, or unwillingness, to accept responsibility for his or her actions. Second, it is not necessary here to decide as a constitutional rule that a judge is required to prescind (that is to say disregard) any information concerning the crime that was discovered after the plea offer was made. The time continuum makes it difficult to restore the defendant and the prosecution to the precise positions they occupied prior to the rejection of the plea offer, but that baseline can be consulted in finding a remedy that does not require the prosecution to incur the expense of conducting a new trial.

Lafler, 566 U.S. at 171-72; see Fitzgerald, 173 N.H. at 582.

The defendant's interpretation of Lafler and Fitzgerald is mistaken. Nothing in the quoted text limits a resentencing court to the "two

6

considerations . . . of relevance" described by the Court.  <u>Lafler</u>, 566 U.S. at 171.  The first consideration is permissive — allowing trial courts to "take account of a defendant's earlier expressed willingness, or unwillingness, to accept responsibility" for his actions.  <u>Id</u>.  The second consideration is also permissive — allowing a trial court to consider "information concerning the crime that was discovered after the plea offer was made."  <u>Id</u>. at 171-72.

To the extent that the defendant asserts that <u>Lafler</u> prohibited the trial court from considering his trial testimony, he is again mistaken.  "<u>Lafler</u> clearly indicates that the [resentencing] court need not disregard what occurred at trial when attempting to neutralize the taint of ineffective assistance of counsel."  <u>United States v. Cobb</u>, 695 F. App'x 650, 653 (3d Cir. 2017).  <u>None</u> of the cases from other jurisdictions upon which the defendant relies support his assertions that <u>Lafler</u> limited the information that the resentencing court could consider or precluded the resentencing court from considering a defendant's trial testimony.  Having rejected the premise of the defendant's argument as to <u>Lafler</u> and <u>Fitzgerald</u>, we necessarily reject the argument itself.

The defendant also analogizes this case to <u>Abram</u>.  The issue in that case was whether the sentence the defendant received on remand after a partially successful appeal was "effectively more severe than the first [sentence he received], and, thus, [was] presumptively vindictive."  <u>Abram</u>, 156 N.H. at 651.  We explained that "when a defendant receives a more severe sentence from the same sentencing judge on retrial after appeal, judicial vindictiveness is presumed unless the judge states the reasons for the increased sentence on the record, and those reasons are based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing procedure."  <u>Id</u>. at 652 (quotation, brackets, and emphasis omitted).  The defendant in the instant case argues that just as we "limited the information upon which the trial court could rely when resentencing a defendant to a harsher sentence after a successful appeal" so as "to remedy the harm of a presumptively vindictive sentence," so too should we limit "the information properly available for the trial court's consideration" in an appeal like his appeal.  We decline the defendant's invitation to extend <u>Abram</u> to this case.

### 2.  Explaining Basis of Sentencing Decision

The defendant argues that the trial court's failure to describe the basis for its sentencing decision in more detail violated his state and federal constitutional rights to due process.  <u>See</u> N.H. CONST. pt. I, art. 15; U.S. CONST. amends. V, XIV.  We first consider the defendant's argument under the State Constitution, using federal cases only to aid in our analysis.  <u>State v. Ball</u>, 124 N.H. 226, 231-33 (1983).

7

"Due process requires that the court inform the defendant at the time of sentencing in plain and certain terms what punishment it is exacting as well as the extent to which the court retains discretion to impose punishment at a later date and under what conditions the sentence may be modified." Benner, 172 N.H. at 198-99 (quotation omitted). "Although there are occasions when an explanation of the reasons for a [trial court] decision may be required by the demands of due process, such occasions are the exception rather than the rule." Harris v. Rivera, 454 U.S. 339, 344 (1981) (per curiam) (footnote omitted).

The defendant argues that "[t]he circumstances here are at least as compelling as other instances in which a defendant's [state and federal constitutional] right[s] to due process of law require[] the sentencing court to state on the record the reasons for the sentence imposed." He seeks to liken his circumstance to that of a defendant whose suspended sentence has been revoked, see Stapleford v. Perrin, 122 N.H. 1083, 1088 (1982), or who has received a harsher sentence on remand, see Abram, 156 N.H. at 651.

In proceedings to revoke a suspended sentence, probation, or parole, due process requires, among other things, "a statement in the record by the [trial] court indicating in substance the evidence relied upon and the reasons for imposing commitment." Stapleford, 122 N.H. at 1088; see Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972) (parole); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (probation). Similarly, "when a defendant receives a more severe sentence from the same sentencing judge on retrial after appeal, judicial vindictiveness is presumed unless the judge states the reasons for the increased sentence on the record, and those reasons are based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing procedure." Abram, 156 N.H. at 652 (quotation, brackets, and emphasis omitted); see North Carolina v. Pearce, 395 U.S. 711, 726 (1969); cf. Alabama v. Smith, 490 U.S. 794, 795 (1989) (deciding that the presumption of vindictiveness does not arise when a defendant receives a harsher sentence after a new trial than pursuant to a prior guilty plea).

We decline the defendant's invitation to extend Stapleford and Abram to the circumstances present here. We similarly decline his invitation to interpret Fitzgerald and Lafler "to require that the [trial court] state the information relied upon and the basis for [the] sentence on the record."

In this case, "we cannot say that [the defendant] was due any more process than was provided by the trial court." State v. Perfetto, 160 N.H. 675, 680 (2010). On remand, the trial court held a sentencing hearing over two days at which the defendant was represented by counsel. Before the hearing, both the State and defense counsel submitted sentencing memoranda for the court's review. At the conclusion of the second day of the hearing, the court

8

explained that it had determined certain sentences after reviewing the defendant's "charges and convictions . . . , the applicable law," including our remand order, the pleadings, "and arguments made by respective counsel." The sentences were then read into the record and submitted in writing.

The defendant has failed to demonstrate that due process required the trial court to give a more fulsome explanation of its reasoning. We reach the same result under the Federal Constitution because the State Constitution provides at least as much protection as the Federal Constitution provides under these circumstances. See Harris, 454 U.S. at 344; Benner, 172 N.H. at 198-99.

Although due process did not require the trial court in this case to explain its reasoning more fully, "[t]he work of appellate judges is facilitated when trial judges make findings of fact that explain the basis for [their] . . . rulings." Harris, 454 U.S. at 344. Accordingly, we advise trial judges that the better practice is to set forth the bases for their sentencing decisions in a written order when resentencing a defendant on remand.

Affirmed.

DONOVAN, J., concurred; BROWN, J., retired superior court justice, specially assigned under RSA 490:3, concurred.